HELEN REID, a Lunatic, by WILLIAM REID, Committee, etc., Respondent, v. HOSEA SPRAGUE et al., Appellants.

J. devised and bequeathed all her estate to her daughter C., with power to convey; the income to be expended for the support of H., a lunatic, during life, and then the principal to belong to C.  C. sold certain premises of which the testator died seized, and conveyed by deed, reciting substantially the provisions of the will, receiving a bond and mortgage for the purchase-money, the principal payable after the death of H.  C. received the interest annually for many years, and applied it to the support of H., she then assigned the bond and mortgage as collateral security for a note of her husband.  In an action by the committee of H. to protect her interest in the bond and mortgage, *held*, that as it appeared clear that the parties acquiesced in and acted upon the theory that the will created a trust in C. for the benefit of H., no other construction could be given to it; and the assignee could neither question this construction, or the legality of the trust; that C., save for purposes connected with the trust, could only assign her interest in the securities — *i. e.*, her right to the principal — and the assignee received them subject to the rights of the *cestui que trust*.

(Argued January 30, 1878 ; decided February 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.  (Reported below, 9 Hun, 30.)

This action was brought in behalf of Helen Reid, a lunatic, by her committee, to set aside the assignment of a bond and mortgage, so far as it affected the alleged interest of plaintiff therein, and to protect such interest.

The facts, as found by the court, are substantially as follows :

In 1851 one Jane Chamberlain died seized of the premises described in the mortgage in question, and leaving a will which contained this clause.

" I, Jane Chamberlain, of Johnstown, devise and bequeath all my real and personal estate of which I am possessed, or

which is held in trust for me, to my daughter, Catharine Barber, the income of which is to be expended for the support of my daughter Helen during her life, and then the principal to belong to my daughter, Catharine Barber, her heirs and assigns; and I direct my trustee to convey my real estate according to the above devise."

On the 3d day of March, 1852, said Catharine Barber sold and conveyed said premises to one Rodney H. Johnson; the deed contained the following recital: "Whereas, Jane Chamberlain, late of the village of Johnstown, by her last will and testament, did devise and bequeath unto Catharine Barber, wife of George J. J. Barber, all the real and personal estate of which she, the said Jane, was possessed, in and upon the confidence that the income of the same should be expended for the support of Helen Reid, the daughter of the said Jane, during the life of the said Helen, and after the death of the said Helen, the same estate to belong to the said Catharine Barber, aforesaid, her heirs and assigns, with power to convey said real estate so devised."

To secure the payment of the purchase-price of said premises, Johnson executed and delivered to said Catharine a bond conditioned that he would pay the same in two equal, annual payments, from and after the death of Helen Reid, with interest payable annually. To secure said bond the purchaser gave a mortgage upon said premises in the usual form, without any recitals or references, except a reference to the bond; the Helen Reid referred to in the will was, at its date, a lunatic, and has ever since and still continues such, and is now in charge of a committee. The interest accruing upon the bond from its date up to March 3, 1872, was paid and applied to the support of said Helen. On the 27th day of April, 1872, George J. J. Barber, the husband of Catharine Barber, borrowed of the defendant, Hosea Sprague, $1,500, giving his note therefor; Barber obtained from his wife an assignment of said bond and mortgage to Sprague as collateral security for the note, and delivered the same to said

Sprague as such security; Sprague loaned the money to said Barber, in part, on the faith of said assignment.

The court directed a judgment declaring the bond and mortgage a fund, for the purpose of the trust created by the will ; removing the trustee, and substituting the committee of plaintiff, with power to receive and collect the interest due, and to become due, during the life of said Helen, and apply the same; also, that the assignment of the bond and mortgage, so far as it relates to the interest due, and to become due during the lifetime of Helen, be declared void, and defendant Sprague enjoined from collecting or attempting to collect the same, or in selling or in any way incumbering said interest; also decreeing that, as between the defendants, after the death of the *cestui que trust*, the principal of said bond and mortgage becomes the property of Sprague, under and in virtue of said assignment, as collateral security for the payment of such sum as shall then be due on said note ; any overplus, after deducting said several sums and interest, was adjudged to belong to said Catharine.

Judgment was entered accordingly.

*M. M. Waters*, for appellant.    Catharine Barber and her vendee, being in possession, could only be put out on condition broken, which plaintiff would be bound to prove. (13 Barb., 119, 137; 20 id., 455.)    The acceptance of the devise and bequest by Catharine Barber created a personal liability upon her for the support of Helen Reid. (24 N. Y., 130; 2 id., 500; 11 Paige, 334, 347; *Lupton* v. *Lupton*, 2 J. Ch., 614.)    Johnson took title to the land subject to the charge. (2 Redf. on Wills, 210, § 15, subd. 7.)    Sprague was not charged with notice, either actual or constructive, that the bond and mortgage were trust property. (46 N. Y., 384, 392; 15 id., 354; Gerard's Title to Real Estate, 592; 8 Cow., 260; 3 Wend., 208; 1 R. S., 727, § 75 [56] ; *Downing* v. *Marshall*, 23 N. Y., 366.)    The purchaser obtained a valid title as against the trustee or the *cestui que trust*. (*Moore* v. *Met. Nat. Bk.*, 55 N. Y., 41; *Davis* v. *Beckstein*,

15 Alb. L. J., 432; *Armour* v. *M. C. R. R. Co.*, 65 N. Y., 123.) Helen Reid had either the right to inforce the trust against the land, or she had a life estate in the land. (1 R. S., 729, §§ 47, 49, 55, 60, sub. 3; *Verdine* v. *Slocumb*, 17 Alb. L. J., 13; 9 Paige, 107; 5 Barb., 109; 23 N. Y., 298, 314, 316; 3 Barb. Ch., 77.) The deed passed to Johnson only the vested remainder in fee; and that being the only consideration of the bond and mortgage, they both became the private property of Catharine Barber, and the assignment gave Sprague a perfect title to them. (1 R. S., 738, 739, §§ 136, 140, 142, 143, 145; id., 748, §§ 1, 2; 1 N. Y., 242; 5 Seld., 49.) Sprague being a *bona fide* purchaser of the bond and mortgage for a full and valuable consideration without knowledge or notice, express or implied that the sale to him was made in contravention or violation of the trust, acquired a perfect title thereto. (51 N. Y., 353; Story's Eq. Jur. [10th ed.], 410; T. & B. Law of Trustees, 200, 818; 1 R. S., 730, § 85 [66]).

*Martin McMartin*, for respondent. Catharine Barber had no power or authority to assign or sell the bond and mortgage, and could not convey a good title to it as against the *cestui que trust*. (3 R. S. [5th ed.], 22, § 84; *Rathbone* v. *Mooney*, 58 N. Y., 463; 22 id., 535; 35 id., 283; 40 id., 487; 47 id., 421; 61 id., 88; 64 id., 220; *Ballard* v. *Sampson*, 40 id., 314; *Corell* v. *Hill*, 4 Den., 323.) When a purchaser has knowledge of any fact sufficient to put him upon inquiry as to the existence of any right or title in conflict with what he is about to purchase he is not a *bona fide* purchaser. (*Kelly* v. *Smith*, 26 N. Y., 18; *Williams* v. *Brown*, 15 id., 354.)

Miller, J. The bond and mortgage, which is the subject of controversy in this action, was executed upon certain premises sold and conveyed to one Rodney H. Johnson by a deed from Catharine Barber and her husband on the 3d day of March, 1852, to secure the purchase-price of said prem-

ises. The deed recites that Jane Chamberlain, by her will, devised and bequeathed to said Catharine Barber all her real estate in confidence that the income of the same should be expended for the support of Helen Reid, her daughter, during her life, and after her death the same was to belong to the said Catharine Barber, her heirs and assigns, with power to convey the real estate so devised. In pursuance of the power and authority contained in the devise, Catharine Barber sold and conveyed the premises described to the defendant Johnson. A bond and mortgage was executed to secure the consideration money of such conveyance. The bond was conditioned for the payment of the sum secured in two equal annual payments, from and after the death of said Helen Reid, with annual interest; and the mortgage was in the usual form, and without any recitals except a reference to the condition of the bond as to the time of payment. The interest on the bond and mortgage was paid annually every year, including and up to March, 1872, and indorsed upon the bond and applied to the support of said Helen. On the 17th day of April, 1872, the bond was assigned to the defendant Sprague as collateral security for a note of the husband of said Catharine Barber.

The foregoing statement of the facts presented on this appeal shows, beyond question, that up to the time of the assignment of the bond and mortgage to the defendant Sprague, that the parties considered and acted upon the idea that the proper construction of the will created a trust in Catharine Barber for the benefit of Helen Reid while living, with the reversion to said Catharine Barber. The premises were conveyed, the bond and mortgage executed, and the interest indorsed on the bond and applied from year to year towards the support of Helen Reid, upon this hypothesis, and in accordance with the intention of the parties. The parties having acquiesced in this construction of the will of Jane Chamberlin for a period of twenty years, it is too late now to claim any other or different interpretation. In fact, Catharine Barber had a right to assign only her own interest

in the bond and mortgage, except for purposes connected with the trust, which she had agreed was created by acting under the same.

The assignment, therefore, so far as it affected the interest of the *cestui que trust*, was without authority or right and in violation of the trust. Even if it be assumed that the right existed to dispose of the same, it could only be assigned as a bond and mortgage given to secure trust-money arising from the conveyance of the premises under the trust, which it was conceded was contained in the will, and the assignee could only receive it in that form, and therefore is now precluded from claiming that there was no trust under the will or that the premises conveyed were not trust property. This has been settled and determined by the acts of the parties to the conveyance and to the bond and mortgage, and the assignee cannot change the purpose for which these instruments were executed or divest them of their real character. It therefore is not necessary to determine whether a trust was created by the will of Jane Chamberlin or to place a construction upon that instrument, for we have seen this has already been done, and the defendant is in no position to question the legality of the trust created or to demand any other or different interpretation. We think that the case may very properly be disposed of upon the ground already stated; but even if it be assumed that the defendant Sprague is a lawful assignee of the bond and mortgage, he occupies no better or different position than his assignor and is subject to the same equities which attended the original transaction. (*Greene* v. *Warwick*, 64 N. Y., 220; *Trustees of Union College* v. *Wheeler*, 61 id., 88, 105.) The assignee has no greater rights than the assignor, and the bond and mortgage having been given for the benefit of Helen Reid as *cestui que trust*, she has a claim for protection, and the defendant Sprague cannot interfere with her right. The interest belongs to Helen Reid, and must be applied for her support, and the bond and mortgage placed in the hands of her committee, to be held for her benefit, and until her

death, when the defendant Sprague, as assignee, will be entitled to the principal.

In accordance with the views expressed the judgment was right and should be affirmed.

All concur.

Judgment affirmed.