ALIDA F. FLINT, APPELLANT, v. CALVIN H. BELL, RESPONDENT, IMPLEADED, ETC.

*General assignee — is a trustee for the creditors — right of the latter to bring an action to set aside an unauthorized conveyance made by the assignee — laches of creditor.*

October 19, 1861, one Dorman made a general assignment for the benefit of his creditors, the plaintiff being among those preferred. The assignee, after giving the usual bond, took possession of the assigned property, and paid all the debts of the assignor except the plaintiff's. For fifteen years from the date of the assignment the assignee occupied and used the real estate of the assignor, and made improvements thereon. The plaintiff had knowledge of and acquiesced

in his so doing, relying upon his representation that her debt was the sole remaining lien upon the land. In 1876 the assignee conveyed the premises to the defendant to secure advances; and subsequently the defendant brought an action against him, and obtained a judgment therein, requiring him to redeem the premises within a certain time, which he failed to do. This action was brought by the plaintiff to set aside the deed to the defendant as fraudulent, and to enforce the payment of her debt from the property.

*Held,* that the action was properly brought; that as the relation between the assignee and the plaintiff was that of trustee and *cestui que trust,* neither her acquiescence in his occupation of the real estate nor her failure to first bring an action upon his official bond, prevented her from maintaining this action.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

Daniel D. Dorman on the 19th of October, 1861, assigned his property, real and personal, to James E. Beller in trust for his creditors, among whom the plaintiff was preferred. The assignee gave the usual bond with sureties, entered into possession of the assigned property, and paid and discharged in full all of the debts of the assignor except the debt due to the plaintiff. The assignee, from the date of the assignment, occupied the real estate assigned to him, and used and enjoyed the same as his own property for fifteen years, and made improvements thereon. This was done with the knowledge and acquiescence of the plaintiff, but upon the assignee's representation to her that the assignor's indebtedness to her was the sole remaining lien upon the land. In 1876 the assignee conveyed the real estate to the defendant for $2,500, of which about $1,100 was for cash paid the assignee, and the balance was paid to the assignee's individual creditors. The defendant, however, agreed to reconvey to the assignee upon being repaid his advances with interest. This the assignee failing to do the defendant brought an action against him for the possession of the land, and recovered a judgment that the same should be delivered to him unless the assignee reimbursed him his advances, which were adjusted at $2,538.14, within sixty days. The assignee, among other defenses interposed in the action, alleged that the only title which he had to the premises was as assignee of Dorman, and that he had not executed the trust, the plaintiff and one Elizabeth Shaver being unpaid. It appears that the assignee made advances out of his own

funds to pay the debts of the assignor, but to what extent beyond the assets and income received by him did not appear.

O. W. Smith, for the appellant.

C. H. Bell, for the respondent.

LANDON, J.:

The learned trial court held that the plaintiff was not entitled to recover upon two grounds: First, because she had not exhausted her remedies at law upon the bond given by the general assignee; second, because she was estopped by her acquiescence for fifteen years in the assignee's claims, conduct and assumptions, relative to the trust estate.

We are inclined to think neither ground tenable.

I. The general assignee, for the benefit of creditors was, with respect to the land in question, the assignee of an express trust. (1 R. S., 728, § 55:) The statute, section 60, and the letter of the assignment, gave him title to the land, subject to the execution of the trust. One of the expressed purposes of that trust was to pay the plaintiff the assignor's indebtedness to her. This he has not done. The section of the statute last cited confers upon the plaintiff, as one of the persons for whose benefit the trust was created, the right to enforce its performance in equity. That the assignee had given a bond for the faithful performance of his duties may give the plaintiff an additional remedy, but cannot deprive her of one expressly conferred by the statute. Whether the sureties upon the bond are solvent is immaterial. (Haddow v. Lundy, 59 N. Y., 320; Oliver v. Piatt, 3 How. [U. S.], 333.)

II. The trial court found that the general assignee, from the date of the assignment to him, until the date of his deed to the defendant, a period of fifteen years, had occupied and used the land in question as his own, with the knowledge and acquiescence of the plaintiff. There is undisputed evidence to the effect that the plaintiff did this in reliance upon the assignee's representations that he had paid all of the assignor's debts, except hers, which was the sole remaining lien upon the land. This of itself would defeat any estoppel the assignee might assert against her.

The defendant is in no better position, for he purchased the land with both constructive and actual notice of the trust, not to aid in its execution, but in contravention of it. It is true that the assignee told the defendant that he had paid all of the assignor's debts. But the defendant relied upon such information at his peril. (*Briggs* v. *Davis*, 20 N. Y., 15.)

If such information were true, the defendant, himself a lawyer, was advised by the statute that the estate of the assignee in the land had ceased (1 R. S., 730, § 67), and that the land had reverted to the assignor. (Sec. 62; *Briggs* v. *Davis*, 21 N. Y., 574.) The assignment gave him the same information. If it were not true, the statute declares that where the trust is expressed in the instrument creating the assignee's estate, any sale in contravention of it is void. (Sec. 65; *Rathbone* v. *Hooney*, 58 N. Y., 463; *Reid* v. *Sprague*, 72 N. Y., 457; *Briggs* v. *Davis, supra.*) The representations of the assignee to the defendant advised him that the assignee was dealing with the land as his own, and for his own benefit, and without any idea of aiding the trust.

Mere lapse of time afforded no bar to enforce a subsisting trust, and time begins to run against it only from the date of its open disavowal. (*Oliver* v. *Piatt, supra.*) Gross inattention on the part of the *cestui que trust* furnishes no bar to relief against persons conversant with the trust. (Ib.)

The deed given by the assignee was in effect only a mortgage, and it was so held in the action brought by the defendant against the assignee to recover possession of the land. The court in that action permitted the defendant to recover, unless the assignee redeemed within a time limited. That judgment, however, does not affect this plaintiff. She was not a party to it, and her equity in the land cannot be barred when she has had no day in court. The defendant's possession must, of course, be subject to the execution of the trust in favor of the plaintiff. The plaintiff is entitled to have that trust executed to the extent of the assignor's indebtedness to her, and her equity for its enforcement is superior to any title the defendant has to the land. It is a clearly established principle of equity jurisprudence, independent of the statute, that whenever the trustee has been guilty of the breach of the trust, and has transferred the property by sale or otherwise to any third person, the

*cestui que trust* has a full right to follow such property into the hands of such third person, unless he is a *bona fide* purchaser for a valuable consideration without notice, as this defendant clearly is not.

It follows that the judgment must be reversed and a new trial ordered, costs to abide the event.

LEARNED, P. J., concurred.

BOARDMAN, J.:

I concur in this opinion and in the result. But a trial may develop facts which will show that plaintiff has been wholly or partially paid by her board, etc., or otherwise. An estoppel may arise against the plaintiff upon an accounting if it shall appear that she has consented to the acts of the assignee, whereby the assigned property has been fully disposed of, leaving her debts unpaid and she consenting thereto.

Judgment reversed and new trial granted, costs to abide event.