Navigation Co., 77 App. Div. 407, 79 N. Y. Supp. 299, and Monaco v. Lange, 146 App. Div. 18, 130 N. Y. Supp. 581.

---

(84 Misc. Rep. 475)

### In re KOLBEL.

(Supreme Court, Special Term, Erie County. March 4, 1914.)

ALIENS (§ 68*)—NATURALIZATION—PETITION—REQUISITES.

An alien who files his petition for naturalization must file therewith, as required by Naturalization Act (Act Cong. June 29, 1906, c. 3592, § 4, 34 Stat. 596 [U. S. Comp. St. Supp. 1911, p. 531]), a certificate from the Department of Commerce and Labor of his arrival in the United States, and the fact that his declaration is about to expire by the seven-year limitation does not authorize the court to disregard the statutory requirement.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Petition by Alfred Heinrich Kolbel for naturalization. Denied.

C. A. Bernhard, of Pittsburgh, Pa., for the United States.

POUND, J. The above applicant for naturalization came to the United States September 25, 1906, from Germany.

On October 11, 1906, he made his declaration of intention to become a citizen of the United States, in this court, which declaration of intention bore on its face the following words:

"Invalid for all purposes seven years after the date hereof."

On October 10, 1913, he filed his petition for naturalization in this court, but did not file with said petition a certificate of his arrival in the United States as required by section 4 of the Naturalization Act of June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 531), which reads, in part, as follows:

"At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Commerce and Labor, if the petitioner arrives in the United States after the passage of this act, stating the date, place, and manner of his arrival in the United States."

The case came on for hearing March 4, 1914. The government's representative objected to the admission of the applicant on the ground that he had not complied with the law in the filing of his petition. The government's representative then had in his possession a certificate of arrival from the department relating to this applicant, and offered to deliver it to the court for filing with the petition, if the court should hold, against the government's contention, that such certificate could then be filed with the petition as of the date the petition was actually

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

filed. In my opinion this would not be a sufficient compliance with the law. The law is plain in its terms that the certificate shall be filed "at the time of filing his petition." To hold otherwise, and allow him to file his petition on one day and the certificate of arrival on some subsequent day, would be one step in the direction of frittering away the provisions of a very wholesome and useful law.

In U. S. v. Spohrer (C. C.) 175 Fed. 440, the following language was used:

"An alien friend is offered, under certain conditions, the privilege of citizenship. He may accept the offer and become a citizen upon compliance with the prescribed conditions, but not otherwise. His claim is of favor, not of right. He can only become a citizen upon and after a strict compliance with the acts of Congress. An applicant for this high privilege is bound, therefore, to conform to the terms upon which alone the right he seeks can be conferred. It is his province, and he is bound, to see that the jurisdictional facts upon which the grant is predicated actually exist, and if they do not he takes nothing by his paper grant."

This language, from the Spohrer Case, is quoted at length, with approval, by the Supreme Court of the United States in the case of Johannessen v. United States, 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066. See, also, the case of In re Liberman (D. C.) 193 Fed. 301.

The fact that the applicant's declaration was about to expire by reason of the seven-year limitation at the time he filed his petition is insufficient to move the court to disregard the conditions with respect to the certificate of arrival which Congress has taken the pains to stipulate. Aliens are on notice as to the requirements of the naturalization law, and if they neglect to take the necessary steps toward citizenship, including the procuring of a certificate of arrival, until the last minute, when it is too late, they must bear the consequences.

The petition must therefore be denied.

