ADELE PACELLI et al., Respondents, v. ANTONETTE CASTANO et al., Appellants.

Third Department, November 16, 1961.

*Robert Castano* for appellants.

*N. Jansen Fowler* for respondents.

REYNOLDS, J. This litigation centers on the question of fee title to a 12-foot strip of land. The problem stems from the following portion of the will of Ida Bloomer, who died April 4, 1913:

" Seventh: * * * (I also give and devise my said son Milton D. Bloomer for and during his natural life) all that part of my homestead property, lying in said Town of Lloyd, on the northerly side of the lane through the same Westerly of the Barn lot fence; together with a right of way to the same of twelve feet in width next to lands of Eli B. Merritt from said public highway; also the north half of the wood land lying on the westerly side of said homestead with right of way over lane as now existing. This land so devised will be bounded on the North by the North line of said homestead farm; on the East by the fence of the barn lot; on the south by the lane and the center line of the wood land, with rights of way, as aforesaid, and on the West by the west line of said homestead farm (subject however to the life estate lot of my husband therein). And on and after his death, I devise the same to his children, share and share alike, at the death of my said son.

" Eighth: All the rest residue and remainder of all my real estate, I give and devise and bequeath to my Husband, Abram Bloomer, for and during his natural life, then to my son Abram C. Bloomer for and during his natural life and then to his children, share and share alike.''

By a codicil executed December 6, 1912, the testatrix directed that after the death of her husband the real property devised to her sons should vest in them absolutely. Following the death of testatrix, her husband by quitclaim deeds conveyed his life interest under the will to the remaindermen sons according to their respective interests.

By a deed dated August 7, 1913, Milton D. Bloomer, the remote grantor of the respondents, conveyed the lands devised to him by Ida Bloomer to one Lent. The deed contained no description of the land so conveyed other than " that part of the farm of which Ida Bloomer died seized which was by her devised to the said Milton D. Bloomer.'' In May, 1914, a survey

of this land so conveyed was made. In August, 1914, Lent conveyed the lands to one Miller by metes and bounds. The description in the deed from Lent to Miller included the 12-foot right of way as part of the fee title of the land conveyed. Subsequent deeds in respondents' chain of title retained the right of way as part of the fee title.

Abram C. Bloomer, testatrix' other son, by deed dated March 18, 1925, conveyed to one Annie E. Bloomer the southerly half of the farm devised to him, describing the tract as *" being bounded on the North by the lands of Pacelle,* on the East by the Highland Gardiner State Road, South by lands of Trapane Brothers and Emma A. Merritt and West by wood lands of Frank Fiscella."* (Emphasis added.) In 1931 Annie E. Bloomer conveyed the southern half of the farm in trust to one Anna Fischer, describing the land as " being bounded on the north by the lands of Pacelle, on the east by the Highland Gardiner State Road, south by lands of Trapane Brothers and Emma A. Merritt and west by wood lands of Frank Fiscella." In 1932, by deed from Anna Fischer and Annie E. Bloomer, defendant Castano acquired title to part of the land originally devised to Abram C. Bloomer. The description in her deed reads: *" Bounded on the north by the lands of Pacelle,* east by the Highland-Gardiner County Highway, south by lands of Trapani and lands formerly of Emma A. Merritt and west by the lands of Leonardo Altizio. Containing approximately four and nine tenths acres of land * * *. Being that portion of the lands conveyed and devised to Abram C. Bloomer, under said Will, and not heretofore conveyed to Leonardo Altizio." (Emphasis added.)

The contention of the appellant is that the term " right of way " was used in its technical sense in the devise to Milton D. Bloomer to designate an easement; that the fee of the right of way was therefore specifically excluded; and that the fee of the right of way passed to Abram C. Bloomer, the residuary devisee. On the other hand, respondents argue that the fee title to a right of way is freely alienable and whether it has been alienated, conveyed and devised depends upon the intention of the grantor or testator, and that the construction which the parties have placed on the instrument is of considerable importance in determining its meaning.

We find that the practical construction placed on the provisions of the will by the parties and their predecessors over many years is controlling. In the deeds which form the background of respondents' titles the strip is specifically included as part of the fee title. While the unilateral inclusion in these

deeds of the fee title to the strip could not create an interest therein (*Green* v. *Collins,* 86 N. Y. 246, 250) when coupled with the exclusion of the strip in the deeds which form appellants' chain of title a practical construction is created which this court is loathe to upset by an independent construction of the devise. (See *Reid* v. *Sprague,* 72 N. Y. 457; *Matter of Marx,* 117 App. Div. 890; *Matter of Shoff,* 30 Misc 2d 687; *Matter of Snell,* 173 Misc. 282; *Matter of Kolbel,* 84 Misc. 475; *Dunlap* v. *Gill,* 23 Misc. 418, affd. 39 App. Div. 638; 1 Davids, New York Law of Wills [1923], pp. 782–783.)

Beginning with the deed from Abram C. Bloomer to Annie Bloomer, there is prima facie proof that the individuals in appellants' chain of title recognized that the fee title to the strip, designated as the right of way, was in Pacelli, the remote grantee of Milton D. Bloomer, and the individual through whom respondents derive their titles and interests. The deed from Annie Bloomer and Anna Fischer, as trustee, to appellant Castano described the premises: "Bounded on the north by land of Pacelli, east by the Highland-Gardiner Highway." As indicated by the court below, reference to the map indicates that the Highland-Gardiner County Highway is a firm monument as to the eastern boundary of appellants' land. Since the highway is the eastern boundary, the only land of Pacelli on the north was the right of way itself. Thus it appears that appellants' land borders but does not include the right of way. Since Pacelli derived his interest through the chain of title beginning with the devise to Milton D. Bloomer, it seems that the appellants and her predecessors in title and interest have acquiesced in the interpretation of the devise of the right of way as a devise in fee to Milton D. Bloomer.

Appellants have produced nothing to controvert respondents' assertions other than the normal construction placed on wording of the devise. Since we have held this to have been repudiated by the construction placed thereon by the parties and their predecessors there was no triable issue of fact and the motion for summary judgment was properly granted.

The order and judgment should be affirmed, with costs to respondents.

BERGAN, P. J., COON, GIBSON and TAYLOR, JJ., concur.

Order and judgment affirmed, with costs to the respondents.