■ MORRIS SMITH, Respondent, v FRANCIS X. BUCKLEY et al., Appellants. [753 NYS2d 581] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Kane, J.), entered November 2, 2001 in Sullivan County, which, inter alia, granted plaintiff's motion for partial summary judgment.

This matter concerns the use of a private road or right-of-way in the Town of Mamakating, Sullivan County, known as Ferguson Lane, which begins at First Street in the Village of Wurtsboro, Sullivan County, and allegedly extends in an easterly direction past a footbridge over the Basha Kill Creek. The origin of Ferguson Lane dates back to Jacob Masten, property owner, who made provisions for its future use in his last will and testament dated August 21, 1849. The record indicates that Ferguson Lane crosses over parcels belonging to defendants. The chains of title for their properties are derived from Jacob Masten's estate. Plaintiff is the owner of an adjoining lot of land located east of the Basha Kill Creek. The specific dispute herein involves plaintiff's use of the Basha Kill Creek footbridge to gain access to Ferguson Lane from his property. Defendants claim that Ferguson Lane ends at the creek and does not extend eastward over the footbridge.

Plaintiff, relying, inter alia, on a copy of Masten's will and surveying data, commenced this action seeking a judgment declaring that he has access to Ferguson Lane for ingress and egress. Additionally, plaintiff sought to have defendants enjoined from interfering with his right of passage. Following joinder of issue, plaintiff moved for summary judgment on his second cause of action which claimed a right of passage over Ferguson Lane on the ground that, through Masten's will, plaintiff "obtained a right-of-way and easement and/or a restrictive covenant" that exists in his favor over Ferguson Lane.

Supreme Court, inter alia, granted that motion, prompting this appeal.

Initially, defendants contend that Supreme Court erred in relying upon a copy of the certified copy of Masten's will because it could not be proven that it was a true and accurate reproduction of the original will admitted to probate by the Sullivan County Surrogate. The original will and certified copy were both apparently destroyed in a fire at the Sullivan County Courthouse in 1909. Notably, where, as here, it is the official duty of a court clerk to have and keep a document and "the paper is not found in the particular place provided for the deposit of it, the presumption is that it is lost or destroyed" (*Mandeville v Reynolds*, 68 NY 528, 533). In the event of such loss or destruction, resort to secondary evidence of a document's contents is allowed (*see id.; Dennis' Natural Mini-Meals v 91 Fifth Ave. Corp.*, 172 AD2d 331, 335, *appeal dismissed* 78 NY2d 1124). Here, the evidence in support of plaintiff's motion sufficiently established the destruction of Masten's will and defendants have failed to raise a question of fact as to the accuracy of the copy.

Next, we find that Supreme Court correctly interpreted Masten's will as creating an appurtenant easement requiring defendants to keep Ferguson Lane open for plaintiff's use. An easement can be created by a will (*see Pacelli v Castano*, 14 AD2d 369, 370; 49 NY Jur 2d, Easements and Licenses in Real Property § 39). Here, the relevant language of the will reads: "All of which parcels of land are so given and bequeathed upon condition that the lane upon the north side of said farm and now used for a passage to and from the lands lying east of the [Basha Kill Creek] is to be kept open for the use of *all those owning lands along the same and to those who may hereafter lawfully possess any part of the lands now owned by me*, conditioned that all those persons who may use said lane or passage put up any bars or close all gates that may be placed across the same to prevent cattle or other animals from passing into the gate" (emphasis added). We do not agree with defendants' contention that this language is ambiguous or merely created a personal license to the devisees as opposed to an easement running with the land. A plain reading reflects the testator's intent to maintain the lane for passage for his personal devisees, as well as current and future property owners.

Finally, we turn to defendants' assertion that, regardless of the interest created by Masten's will, they have raised a triable issue of fact as to where Ferguson Lane ends. Notably,

proof submitted by plaintiff, including a report prepared by surveyor George Fulton, supports the assertion that Ferguson Lane was to be kept open as a right for passage for, inter alia, lands lying east of the Basha Kill Creek. Although defendants offered the deposition testimony and affidavit of Ferguson to counter that proof, Ferguson's own statements contradict the claim that Ferguson Lane has never extended east of the Basha Kill Creek for use by other landowners. Therefore, no question of fact exists.

The remaining arguments advanced by defendants, including their claim that Supreme Court erred in classifying certain language in the will as creating a restrictive covenant and/or negative easement, have been examined and found to be unpersuasive.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.