# Dixon *against* Ramage.

A devise " to my wife Mary and son Jonathan, share and share alike, so long as she remains my widow," charged with the performance of certain duties and payment of money by Jonathan, creates in him but an estate during the widowhood of his mother; although there be no other disposition of the estate by the will.

ERROR to the Common Pleas of *Fayette* county.

William Dixon and wife, and other heirs at law of Samuel Ramage, against Jonathan Ramage. This was an action of ejectment in which the question was whether the will of Samuel Ramage created an estate in fee in the land devised to Jonathan Ramage.

"In the name of God, Amen.—Whereas I, Samuel Ramage, of Franklin township, Fayette county, and state of Pennsylvania, being weak in body, but of sound mind and memory, thanks be to

[Dixon v. Ramage.]

Almighty God for the same, do make and ordain this my last will and testament in manner and form following, that is to say, first, I commend my soul to Almighty God that gave it, my body to the silent tomb, to be decently interred at the discretion of my executors. That all my just debts and funeral charges be paid out of the first money that is collected; and as for my property, real and personal, I leave it all to my wife Mary and son Jonathan, share and share alike so long as she remains my widow; and should she marry, my will is that she shall have a decent out-set, and that her and Jonathan take charge of raising the family, and that Jonathan shall furnish his sisters as they grow up with such materials as will enable them to supply themselves with decent bed and bedding, and that as they each arrive to the age of eighteen years, that he shall furnish them with a cow and such furniture as they may choose, which together with their bed and bedding shall amount to fifty dollars, at a fair price. Last, I do constitute and appoint Jonathan Downs and William M'Cray my executors. I do hereby acknowledge this to be my last will and testament."

The court below was of opinion that the will created an estate in fee in Jonathan, and so instructed the jury.

*Flenniken* and *Patterson*, for plaintiff in error, argued that where there are express words of limitation used in a devise, a charge of money upon the devise will not enlarge the estate. 2 *Binn.* 18, 464; 1 *Dall.* 226.

*Howell*, for defendant in error. It is manifest, from the language of the will, that the testator designed to dispose of his whole estate; and this is made more apparent by the fact that he has charged it with greatly more than the value of the estate given to his son, if the construction contended for by the plaintiff in error be the true one. Besides, the charge might not be payable until after the limitation had put an end to the estate. 6 *Binn.* 94; 8 *Serg. & Rawle* 271; 6 *Watts* 346; 1 *Watts* 475; 2 *Vern.* 690; 2 *Atk.* 37; 3 *Burr.* 1618; *Cowp.* 306; 16 *East.* 221; 2 *Binn.* 455; 6 *Johns.* 191.

The opinion of the Court was delivered by

SERGEANT, J.—It is unnecessary to examine several of the subjects discussed in this case, because we are clearly of opinion, that under the will of Samuel Ramage, the defendant, Jonathan Ramage, took only an estate during the widowhood of his mother, and not an estate in fee, as the court below considered it. The devise by the testator of his property, real and personal, is " to my wife Mary and son Jonathan, share and share alike, so long as she remains my widow." This is an express estate to them

[Dixon v. Ramage.]

both, during the widowhood of his wife; and they were during that time tenants in common. The argument in favour of a fee is, that the testator has required Jonathan to furnish his sisters, as they grow up, with materials for bed and bedding, and also, as they arrived at eighteen, with a cow and furniture, amounting in all to $50. This is said to be more than the income of the real estate. But the rule is well settled, that, although a direction to the devisee of real estate to pay money or other things may, in some instances, give a fee to the devisee by implication, yet this applies only where a devise is in general terms, without expressing any estate, and is of no weight in cases where the estate of the devisee is plainly indicated. In such case the devisee has no right to claim a greater estate than the testator intended for him; and if he dislikes the condition, he may refuse the devise. *Lessee of Willis* v. *Bucher* (2 *Binn.* 464). So in *Pryor* v. *Dunkle* (2 *Wash. C. C. Rep.* 417), there was a devise to the testator's wife of all his *annual income* in certain lands, during her widowhood, to be equally divided between her and her son, to whom he appointed her guardian during her widowhood, and in case of her marriage, directed that A. should be the guardian; the will concluding with a bequest to a granddaughter of £30 a year, to be paid out of the said income. This was held a devise to the three, in the proportions mentioned, during the widowhood of the wife, and no longer. On her marriage the whole ceased, and the testator died intestate as to the estate devised.

In the present instance, the testator would seem to have contemplated that the wife would survive long enough to raise the family, for that charge is imposed on her as well as Jonathan. In that event, Jonathan's estate would continue till the children were paid off, and might possibly extend beyond it. We cannot perceive any thing in the will to show that the testator intended that Jonathan should have the whole estate after the wife's death or marriage, and the other children have no part of it except their legacies on arriving at age. The dispositions of the will may not perhaps be reconcileable with exact justice to all,—but that was a matter of which the testator had a right to judge for himself—we can do no more than construe that which is brought before us. If the conditions were as onerous to Jonathan as they are stated to have been, he had the right to renounce them, which in fact it is alleged he did. The will, however, is so drawn, that he could take no larger interest in the real estate than the widow herself, with whom he was associated as tenant in common. On her death it ceased; the testator, as to the residue, died intestate, and the plaintiffs are entitled as heirs at law, claiming by descent.

We perceive no error in admitting in evidence the record of the action of partition, so far as respects two of the present plaintiffs, who were parties to it. There is no question raised on

[Dixon v. Ramage.]

the record before us, as to what effect it would have on the cause trying, nor is the partition at all alluded to in the charge of the court.

Judgment reversed, and a *venire facias de novo* awarded.