Van Brunt, P. J.
This action was brought for the construction of the will of Elizabeth F. Floyd, deceased, and Tthe question arises under the sixth article of the will which is as follows:
“ Sixth. I give, devise and bequeath to my executors hereinafter named, all real and mixed estate of which I may die siezed or possessed, in trust, nevertheless, to have and to hold the same during the respective lives of my son-in-law George Thomas Vingut, and my youngest grandchild, Benjamin Van Horne Vingut, now living, and to ¡¡receive the rents, issues and profits thereof, and the accumulation arising therefrom ; and after payment of all taxes, .assessments, and of so much money as may be necessary for ¿repairs, insurance or improvements or betterments of any or all of my real estate, to invest the balance remaining after such payments in productive real estate in the city of Hew York, for the benefit of my grandchildren who may be living at the time of my death, during their respective minorities, and for the benefit of such other grandchildren as may be born of my daughter, Sarah Augusta Vingut, after my death, during their respective minorities.
“To apply said rents, issues and profits of said real estate ¡to the use of ihy said grandchildren during their respective minorities, in such sum or sums as in the judgment of my executors hereinafter named may be sufficient for the edu *409 ■cation and support of each or any of them during their respective minorities ; but no payment shall be made unless my said executors shall be satisfied that there is not sufficient income upon -the estate of my said daughter, Sarah Augusta Vingut, for the support and education of my said grandchildren.
“ And on the arrival of my youngest grandchild at the age of twenty-oné years, and on the death of my son-in-law, ■George Thomas Vingut, I.give, devise and bequeath, to my grandchildren who may then be living, and their heirs forever, all my real estate wheresoever situated, of which I shall die siezed, or which may be purchased by said executors after my death, as provided for in the sixth clause of this my will, share and share alike, as tenants in common, .and not as joint tenants, to have and to hold the same to the said grandchildren and their heirs forever.
“ In the event of the death of any of my said grandchildren leaving lawful issue, him or her surviving, then the share of such deceased parent shall belong to and become vested in such lawful issue him or her surviving.
“ In the event of the death of any or either of my said grandchildren unmarried, then the share or shares of such grandchild or grandchildren so dying shall be equally •divided, share and share alike, amongst my remaining grandchildren, who may be living at the time of the death ■of such grandchild or grandchildren.
“I direct and empower my executors, hereinafter named, -as my said gaandchildren shall respectively attain the age ■of twenty-one years, and my youngest grandchild and my son-in-law may still be living, to pay over to each grandchild, as he or she may arrive at the age of twenty one years, a proportionate share of the rents, issues and profits of my estate, during the lives of said grandchildren and son-in-law.
“I hereby authorize and empower my executors,,hereinafter named, to rent or lease any part of my said estate *410 for sucli term or terms of years as in their judgment may seem proper.”
After a careful consideration of the language used in the will, and an earnest endeavor to ascertain what the intention of the testatrix was, I am not at all certain that I have arrived at a conclusion which will be finally supported.
It is a cardinal principle in the construction of wills to-give effect to the intention of the testator, and in so doing, we have' the right, and it is our duty to subordinate the language to the intention, and to give effect to its plain and definite purposes; and when they are endangered by inapt or inaccurate modes of expression, the court may reject words and limitations, supply them or transfer them, to get at their correct meaning (Phillips v. Davies, 92 N. Y. 199). But there is another rule of construction applicable to cases of this description, which is, that where it can be done without violence to the intention of the testator, that the 0 one of two possible constructions will be given to a clause, that will sustain the intended devise, rather than the oue that will defeat it.
There seems to be upon the face of the clause in question two absolutely different and inconsistent intentions, and the problem which is presented in the construction of this clause is to ascertain whether a legal intention can be: spelled out from the terms and expressions used in the will. There seem to be inconsistent intentions as to the operation of the trust, and also inconsistent intentions as to the-accumulation of income. It does not seem possible to. reconcile these antagonistic provisions of the will, and it is-therefore necessarily difficult to ascertain what the real intention of the testatrix was.
It is to be observed that the testatrix gave, devised and bequeathed to her executors, all her real and personal estate in trust, to -have and to hold the same during the respective lives of her son-in-law and youngest grandchild then living, naming them. The trustees were to receive the rents, *411 issues and profits and the accumulations arising therefrom, and after the payment of all taxes, assessments and repairs, insurance, improvements and betterments, they were required to invest the balance remaining, after such payments, in productive real estate in the city of New York, for the benefit of her grandchildren who might be living at the time of her death, during their respective minorities, and for the benefit of such other grandchildren as might be born after her death, during their respective minorities.
Here seems to be expressed an intention to create a trust during the lifetime of her son-in-Jaw and her youngest grandchild then living, whereby her estate should be accumulated during the minority of all her grandchildren then living, as well as during the minority of her grandchildren who should be born subsequently to her death. In this clause of the will there seems to be an evident intent that the trust should exist, at least as to some part of the estate, during the minority of any child who should be born of the testatrix’s daughter, after her death, provided the testatrix’s son-in-law and the grandchild named in the will, or either of them, should be then living.
The trustees are then directed to apply the rents, issues and profits of the real estate, evidently referring to that which was devised, and also that which might be purchased out of the income thereof, to the use of her said grandchildren during their respective minorities, in such sum or sums as might be sufficient for the education of each of them for their respective minorities. The grandchildren, evidently, are those in existence at the time of the death of the testatrix, and which should be born after her decease. The testatrix then provides that no payment should be made unless her executor should be satisfied that there is not sufficient income from the estate of her daughter for the support and education of her said grandchildren.
The testatrix then provides that on the arrival of her youngest grandchild at the age of twenty-one, and on the death of her son-in-law, she gave, devised, and bequeathed, *412 to her grandchildren, who might then be living, and their heirs forever, all her real estate, wheresoever situate, of which she might die seized, or which might be purchased after her death; such grandchildren to take share and share alike as tenants in common and not as joint tenants.
The question here presented is as to what grandchild the testatrix meant when she spoke of the arrival of her youngest grandchild at the age of twenty-one years.
It is urged that it was the intention of the testatrix, in case any grandchild should be born after her death, that the division of the estate should be postponed until the arrival of that grandchild at the age of twenty-one years; and that the grandchild referred to is not the one mentioned in the previous clause of the will, and in support of this view, attention is called to that provision of the will which declares the intention of the testatrix, that the investment of income shall be for the benefit, not only of the children living at the time of her death, during their minority, but also for the benefit of such other grandchildren as her daughter might have after her death, during their minorities ; it being urged that there was a clear intention on the part of the testatrix to provide for these accumulations until the youngest grandchild, which might be born after her death, should attain the age of twenty-one years.
If this is the construction to be placed upon the will, then the trust is manifestly void, because it extends the suspension of alienation beyond two lives in being; namely, until the youngest of all the grandchildren to be born should reach the age of twenty-one years.
Upon the other hand, it is claimed that the youngest grandchild referred to in this paragraph of the will, was evidently the grandchild previously mentioned, and the clause should read as though the word “ said ” had been used, and that the devise was to take effect on the arrival of her said youngest grandchild at the age of twenty-one and on the death of her son-in-law.
If this construction is to be adopted then it does not do *413 violence to the provisions of the statute, but instead of making the trust last during the lifetime of the son-in-law and the grandchild named, it provides for the determination of the trust, upon the death of the son-in-law, and the arrival at the age of twenty-one years of the grandchild named, and that then the distribution of the estate shall take place, not only of that of which the testatrix might die seized, but also of that which might be purchased by the executors after her death, out of the income of her estate, amongst the grandchildren who should then be living.
It seems to me that this is probably the correct construction to be placed upon this provision of the will, although it is apparently in antagonism, to the expressions used by the testatrix under the will, in respect to the provision for after-born grandchildren during their minority. But as these various phrases cannot be reconciled, that which is most consistent with the probable intention of the testatrix must necessarily be adopted, and guided by that rule we think that the construction which has been adopted most truly expresses the intention of the testatrix as correctly as it may be guessed at from the tenor of the will.
The grandchildren under this construction would then have an interest vesting at the death of the testatrix, but the vesting in possession or enjoyment postponed until the death of the son-in-law and the coming of age of the youngest grandchild named, or at his death.
It is urged, however, that even under this construction the accumulations directed by the sixth article are illegal, not being for the purpose permitted by the statute; that the statute only permits accumulations during the minority of the infant, for the sole benefit of the infant, and to be paid over to the infant at majority, and that such is not the scheme of accumulation devised by this will; but that this scheme is to accumulate the rents and profits during the minorities of the respective infants, not for the benefit of those infants respectively, but to be divided, not necessarily between those infants, but only among such of them as *414 should be living at the remote period of the coming of age of the youngest grandchild, intended in the third clause of article sixth, and the issue of such of them as should previous to that have died leaving issue. Such might be the intention of the testatrix, if we only construed that part of the sixth clause of the will to which attention has been particularly directed. But a subsequent paragraph of the will seems to indicate a different intention, and were it not for an evident misuse of language, such intention would have been clearly and definitely declared.
By this paragraph the testatrix directed and empowered her executors, as her said grandchildren should respectively attain the age of twenty-one, and her youngest grandchild and son-in-law might still be living, to pay over to each grandchild, as he or she might arrive at the age of twenty-one, a proportionate share of the rents, issues and profits of her estate during the lives of said grandchildren and son-in-law.
It seems that the testatrix intended by this clause to provide for the payment by her executors to each grandchild who should attain the age of twenty-one years prior to the time thereinbefore fixed for distribution of his or her proportionate share of the rents, issues and profits, as long as her said son-in-law or her said youngest grandchild should live.
The use of the conjunction “ and,” joining the words “ youngest grandchild ” and “ son-in-law,” should be construed as having the effect of “ or,” and the word “ grandchildren ” is evidently a mistake for the word “ grandchild.” W e would then have a clearly expressed provision that accumulations of incomes should be paid over to the grandchildren upon that attainment of their majority, and in-case of the death of any of these grandchildren before the time fixed for distribution, leaving issue, it is provided that the issue shall take the share of such deceased parent, and in case any of the grandchildren should die prior to the-period of distribution, unmarried and without issue, then *415 theii’ share vests in the remaining grandchildren, who may be living at the death of such grandchild or grandchildren.
By giving this construction to the will, force is given to all its provisions, and it is made to read in consonance with the provisions of our statutes, and although, as already stated, ■discrepancies are found, and language which is inconsistent with the interpretation here given, yet the general purpose seems to be sufficiently shadowed forth to enable us to gather from the terms of this clause, read as a whole.
A lengthened discussion of these provisions would in no way aid in their construction. The inconsistencies are manifest, and the probable intention of the testatrix is to be gathered from consideration of the terms of the will and those alone.' The' circumstances do not seern to afford any light in this discussion, and we have to rely upon what we find within the four corners of the will, in determining what the intention of the testatrix was, and whether such intention can be carried out according to law.
We think, therefore, that it was the intention of the testatrix to create a trust for the benefit of her grandchildren, born and to be born, which existed during the life of her son-in-law, and until the majority of her youngest grandchild named in the will, and that it was her intention that the share of the corpus of the estate should vest in each grandchild, and that upon his coming of age, the accumulations of income should cease as to him,-and he should be entitled to his proportionate share of the entire income if the son-in-law is then living, or the youngest grandchild is then under age, the, son-in-law being dead and the period of ■distribution not then having arrived.
The claim that the trust created is not for any of the purposes for which the revised statute authorizes the creation of such trusts, does not seem to be well founded. The trustees in their discretion, have the right to apply the rents, etc., arising from the estate, to the use of the grandchildren •during their respective minorities, and the fact that the will goes on and states that no payment shall be made unless her *416 said executors shall be satisfied that there is not sufficient income from the estate of her daughter, for the support and education of her grandchildren, in no way affects the validity of this provision, because it is a matter within the discretion of the executors. They are to decide whether it is-necessary that the infant shall have this income, and the provision is substantially to the same effect as though it had been left within their discretion to determine as to what amount should be paid to the infants in order to meet their necessities.
The suggestion that such a clause would be competent and proper if the income from the estate of the father had been mentioned, instead of that of the mother, there being an obligation on the part of the father to support his children, but that it is void, because the mother is mentioned, does not seem to be well founded, because as the testatrix had the right to accumulate during the minority of any one of these infants the whole of its share of income, there does not seem to be any particular reason why she should not accumulate any proportion of such income which she might see fit.
The only other question necessary to discuss is that relating to the power of sale which the learned judge who tried the case below found to exist in the executors and trustees over the unproductive real estate left by the testatrix. I am unable to see that there is any greater power conferred upon the executors and trustees over the unproductive real estate than is conferred upon them with reference to that which produces income and revenue. The sale of such estate is nowhere contemplated by the will, and it does not seem to be necessary in order that the executors and trustees may carry out the provisions of the will, merely because the unimproved real estate does not produce a revenue. That does not necessarily give the trustees a power of sale, as there is no-intention expressed upon the part of the testatrix that the executors and trustees shall invest the whole of her estate in such way as shall produce the largest income.
The suggestion that the charges upon the unimproved *417 estate would be an annual drain upon the income of the improved real estate confers no power upon the executors, neither would the fact that it would possibly prevent the executors from being able to purchase any real estate by exhausting the entire income.
The whole argument upon this branch of the case seems to be founded upon the proposition that the estate would be much better administered if the executors had been given, such power of sale. This consideration cannot insert such a* provision in the will, and we think, therefore, the judgment, appealed from, so far as it found that there was a power of sale of the unimproved real estate in the executors, was erroneous and should be reversed.
The judgment appealed from, as modified, should be affirmed, with costs to the parties to be paid out of the estate.
Beady and Daniels, JJ., concurred.