### HOWLAND v. HOWLAND et al.

*(Supreme Court, General Term, First Department. March 14, 1890.)*

WILLS—CONSTRUCTION—CONFLICTING PROVISIONS—TRUSTS.

Testator bequeathed the residue of his estate to his children, and to their respective heirs, executors, and assigns, forever, to be equally divided between them, share and share alike, "subject, however, in regard to the portion of my sons, to the limitations herein next stated, and also subject, in regard to the portions of my daughters, to the trusts hereinafter declared in regard thereto." Testator then provided for the shares of the sons, and continued by declaring that the portions of his daughters should be vested in his executors, as trustees for them, during their natural lives. He bequeathed these shares to his executors in trust, "to invest the same in their or his names or name, as such trustees or trustee, in the manner hereinafter directed, and to pay over the interest * * * to my said daughters, respectively, from time to time, to and for their own separate use and benefit, * * * during the residue of their natural lives;" and, after the decease of the daughters, respectively, the executors were directed to pay over and distribute the principal of the share of the daughter dying to her issue living at the time of her decease, including the issue of such as may then be deceased, equally, share and share alike. *Held,* that it was testator's intention that the shares of the daughters should be held in trust for them during their natural lives, and that no title or interest in the capital of the trust should at any time vest in either of the daughters.

Appeal from special term, New York county.

Action by Meredith Howland, individually and as trustee of Gardiner G. Howland, for the purpose, *inter alia,* of obtaining a construction of the will of his testator. The defendants appeal from that part of the judgment which undertook to place a construction upon the will.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*De Forest & Weeks, Eugene D. Hawkins,* and *Carter, Rollins & Ledyard,* for appellants. *Varnum & Harrison,* for respondent.

DANIELS, J. The action was brought by the plaintiff as a trustee appointed to execute trusts declared by the will of Gardiner G. Howland, deceased. He died in November, 1851, leaving a will executed by him for the disposition of his estate. Doubts or disputes are stated to have arisen as to the rights and interests of his two daughters, Louisa H. Clendenin and Joanna H. Grinnell; and their solution depends upon the construction to be given to the twenty-first paragraph of the will. They have, respectively, attained the ages of 60 and 46 years, and upwards, and each of them is now without issue; and the controversy which has arisen involves the disposition of so much of the testator's estate as is mentioned in this paragraph of the will, and designed for these two daughters. This paragraph disposed of the rest, residue, and remainder of the estate, and no other portions of the will are necessary to be considered for the determination of the present controversy. The testator, at the time of his decease, left nine children; and it was to provide for these children, by the division of his residuary estate, that this paragraph was added to

the will. It is in these words: "*Twenty-First.* All and singular, the rest, residue, and remainder of my estate and property, both real and personal, whatsoever and wheresoever, I do hereby devise and bequeath unto my eight beloved children, that is to say, William Edgar Howland, Abby Woolsey Howland, Robert Shaw Howland, Maria Louisa Howland, Rebecca Brien Howland, Meredith Howland, and Gardiner Greene Howland, Junior, and such other child or children as may hereafter be born to me, or wherewith my wife may be *enceinte* at the time of my death, and to their respective heirs, executors, administrators, and assigns, forever, to be divided equally between them, or share and share alike, including the issue of such as may die before me, such issue taking the same share as their, his, or her parent or other ancestor would have taken if living, subject, however, in regard to the portions of my sons, to the limitation herein next stated, and also subject, in regard to the portions of my daughters, to the trusts hereinafter declared in regard thereto. That is to say, with regard to the portions of my sons, my will and direction are that my said sons be put into the possession and enjoyment of the one equal half part of their respective portions as soon as they shall severally attain the age of twenty-one years, and the other half as they severally reach the age of twenty-five years, which latter half my executors are hereby directed to retain in their possession and control until such latter age, but in the mean time to pay to my said sons, respectively, the interest, dividends, or other periodical income thereof. And, with regard to the portions of my daughters, my will and direction are that my said executors, and the survivors and survivor of them, be, and I hereby constitute them and him, the trustees and trustee of the portions of my said daughters, respectively, during their respective natural lives, and I hereby give and bequeath the same to my said executors, and the survivors and survivor of them, accordingly, in trust for my said daughters, respectively, and to invest the same in their or his names or name as such trustees or trustee, in the manner hereinafter directed, and to pay over the interest, dividends, or other periodical income thereof to my said daughters, respectively, from time to time, to and for their own separate use and benefit, and upon their separate receipt, whether married or sole, during the residue of their natural lives, and upon their death, as each shall happen to die, to pay over and distribute the principal of the share or portion of the one so dying to her issue living at the time of her decease, including the issue of such as may then be deceased, equally or share and share alike, the issue of any deceased child then living taking the same share as their, his, or her parent or other ancestor would have taken if then living. And, with regard to such of my children as may be minors at the time of my decease, I do hereby direct their before-named guardians and guardian to provide and furnish all the requisite funds for their genteel and suitable maintenance, education, and support during their respective minorities, not, however, exceeding the annual sum of one thousand dollars for each child." And, under the language employed in framing it, it has been claimed that these two daughters acquired the absolute title to their shares as they had been mentioned, and, upon their decease without children, that their respective shares will descend to their heirs and next of kin, or in accordance with the directions which may be contained in the will of either or each of them; and this construction and effect was given to the paragraph by the judgment from which the appeal has been brought.

It is true that, by the language first employed in framing this part of the will, the testator did, in terms, devise and bequeath the residue and remainder of his estate to his children. But this devise and bequest was not permitted to remain as it was in this manner first expressed; but it was made subject to further and additional directions contained in this part of the will. After making the devises and bequests, the testator declared, so far as they were intended for his sons, that they should be subject to the limita-

tions contained in this part of the will. These limitations as to the sons, however, have no effect upon the provisions made in favor of the daughters. But, as to their provisions, the will also proceeded to declare them "subject, in regard to the portions of my daughters, to the trusts hereinafter declared in regard thereto;" and this was a clear declaration of his intention to place the shares of the daughters in trust for their benefit, and that at once qualified the preceding language, from which the absolute title might otherwise be inferred to be intended to vest in the daughters themselves. After subjecting the devises and bequests to this qualification, the testator, in the same paragraph, proceeded to declare that the portions of his estate designed for his daughters should be vested in his executors, the survivor and survivors of them, as trustees for the daughters, respectively, during their respective natural lives. And he then added a further direction giving and bequeathing these shares of the daughters to his executors in trust for them; and this trust was "to invest the same in their or his names or name, as such trustees or trustee, in the manner hereinafter directed, and to pay over the interest, dividends, or other periodical income thereof to my said daughters, respectively, from time to time, to and for their own separate use and benefit, * * * during the residue of their natural lives." There was no repugnancy between the directions contained in this part and the first part of this paragraph of the will, and they are all to be taken and construed together, to ascertain and discover the intention of the testator as to the rights and interests designed to be vested in his daughters. The provisions are continuous in their character; all to be taken, as they were expressed, together, to ascertain the object and intention of the testator. He at first employed language which, standing by itself, would have devised and bequeathed the shares of these daughters absolutely to them. But he did not leave the devise unqualified, but immediately declared that it was subject to the trusts afterwards declared in regard thereto; and then he proceeded to declare what those trusts were intended to be. And, by the declarations made for the creation of the trusts, it is evident that he did not intend either of these daughters to become the owner of the shares in his estate provided for their benefit, but that his intention was to divide his estate into so many different parts as he should have children at the time of his decease, and that the parts intended for these daughters should be vested in his executors, the survivors or survivor of them, and held in trust for the benefit of the daughters, respectively, during the period of their natural lives. There was, accordingly, no creation, or attempt to create, an absolute estate in the daughters, and a subsequent reduction or divesting of the estate by other provisions contained in the will. In this respect the case is an entirely distinguishable one from *Campbell* v. *Beaumont*, 91 N. Y. 464, qualified and limited as that decision has since been by *Wager* v. *Wager*, 96 N. Y. 164. What the court is required to do for the disposition of the case is to ascertain, as clearly as that may be done, the intention of the testator, and to follow that intention. Upon this subject it was said in the case last mentioned: "We are of the opinion that, although the language employed in making the devise to the daughter would generally import an absolute estate in the property, yet that creation of a limitation over, clearly intended to deny her the power of disposing of it by will, and the force of the testator's intention, as derived from the provision for a remainder in the wife, and the scope and design of its provisions generally, fairly imply an intention on his part to confer a life-estate only upon the daughter. While it is not competent for the courts to frame a will for the testator, or import new provisions into it for the purpose of carrying out a supposed intent, yet it has been uniformly held to be their duty to give such construction to the provisions made, especially if they are couched in inexact and ambiguous phraseology, as will effectuate the general intent of a testator, as derived from an examination of the whole instrument." Id. 172. And this principle

was followed and applied in *Roe* v. *Vingut*, 1 N. Y. Supp. 914; *In re Paton*, 111 N. Y. 480, 486, 18 N. E. Rep. 625; and *In re McMulkin*, 15 N .Y. St. Rep. 709.

To dispose of the case upon the effect of the language first employed would clearly violate the intention of the testator; for he has declared that the devises and bequests, so far as they were provided for his daughters, should be subject to the trust afterwards declared by him in his will. And the trusts to which he did afterwards subject these shares were legal and valid trusts, as they have been provided for, and sanctioned by, the laws of the state. The creation of these trusts, as the language has expressed the intention to be, were the paramount object and intention of the testator for the control and management of these shares; and for their proper execution he devised and bequeathed the shares to his executors, and the survivors and survivor of them, as trustees. Instead, therefore, of the title being vested in the daughters, they took no title whatever to either share of the testator's estate; and no title could possibly vest in either of them, as to this part of the estate, during their respective lives, for the statute has declared that the creation of an express trust, as this clearly was, should vest the whole estate in the trustees in law and equity, subject only to the execution of the trust, and that the person or persons for whose benefit the trust is created shall take no estate or interest in the lands, but may enforce the performance of the trust in equity. 2 Rev. St. (6th Ed.) p. 1109, § 73. And the creation of such a trust has already been held in other cases to be such a qualification of a preceding gift in favor of the beneficiary as to place the title in the executors which would otherwise have vested in the beneficiaries. This was the nature of the decision made in *Brewster* v. *Striker*, 2 N. Y. 19, upon a will executed prior to the enactment of the Revised Statutes, and it was followed in *Morse* v. *Morse*, 85 N. Y. 53, and also in *Taggart* v. *Murray*, 53 N. Y. 233. The testator himself further appears to have entertained this view in framing this part of his will; for, after the decease of the daughters, respectively, the executors, survivors or survivor of them, were directed to pay over and distribute the principal of the share or portion of the daughter dying to her issue living at the time of her decease, including the issue of such as may then be deceased, equally, share and share alike. This direction would have been entirely needless if it had been intended that the share should vest in the daughter. But, as it was directed to be vested in the executors, the survivors and survivor of them, and the trust was to continue throughout the natural life of the daughter to be benefited, and no title to the property could consequently vest in the daughter, it became appropriate to direct in this manner, for the benefit of the issue, that the capital of the estate should be paid over or transferred to such issue. The entire frame and scope of this paragraph of the will, as it is to be considered and construed together, evinces but one controlling intention, and that is that the share of each of these daughters should be vested during their natural lives in the executors; and that deprived each daughter of any title whatever to the share appropriated for her benefit, and vested the title of each daughter in the executors during her natural life. And the cases of *Barrus* v. *Kirkland*, 8 Gray, 512; *Grey* v. *Pearson*, 6 H. L. Cas. 60; *Reed* v. *Braithwaite*, L. R. 11 Eq. 514; *Dixon* v. *Ramage*, 2 Watts & S. 142; and *Vreeland* v. *Van Ryper*, 17 N. J. Eq. 133,—are strictly in harmony with this construction.

Other authorities have been cited by the counsel for the respondent which are supposed to conflict with this construction of the will, but an examination of them will clearly show that no inconsistency exists between them and the construction already applied to this part of the testator's will; for in each of these cases there was an unequivocal gift of the property in controversy to the devisee or legatee, or other person intended to be provided for. And, after the making of the absolute gift, further contingent directions were made for

the disposition of the property in that manner given. And, as the contingent dispositions failed to take effect, it was held, and very properly so, that the person to whom the property was originally given became its absolute owner, entitled to its unqualified control and disposition. This is the principle upon which these cases have been decided; and they establish the true construction to be, where property has been given to another, and a future contingent disposition has been declared to be intended to be made of it, and that disposition, because of the facts upon which it was made dependent, did not arise, would not change the preceding gift, but would leave the donee the absolute owner of the estate. Such were the facts and the decisions made in *Whittell* v. *Dudin,* 2 Jac. & W. 279; *Mayer* v. *Townsend,* 3 Beav. 443; *Davies* v. *Merceron,* 4 Ch. Div. 182; *Jackson* v. *Noble,* 2 Keen, 590; *Hulme* v. *Hulme,* 9 Sim. 644; *Campbell* v. *Brownrigg,* 1 Phil. 301; *Eaton* v. *Barker,* 2 Colly. 124; *Norman* v. *Kynaston,* 3 De Gex, F. & J. 29; *McCulloch* v. *McCulloch,* 3 Giff. 606; *Winckworth* v. *Winckworth,* 8 Beav. 576; *Dawson* v. *Bourne,* 16 Beav. 29; *Re Young's Settlement,* 18 Beav. 199. And other cases might very well be added, maintaining the same principle. They are, however, inapplicable to the construction which should be given to this will; for here the controlling fact on which these decisions were made is absent, and that is that the actual gift, devise, or bequest of the property was not made to either of the present claimants. But the estate, so far as they became interested in it, was vested in the executors in trust, leaving no interest whatever in either of these daughters beyond that of enforcing the performance of the trust. And, as this trust was created to extend through the natural life of the daughter to be benefited, it followed that no title or interest in the capital of the trust at any time vested, or could vest, in either of these daughters. And the result will be, if they, or either of them, shall die without issue, that then the share of the testator's estate devoted to the creation of the trust of the person so dying will be distributed among the heirs at law and next of kin of the testator. The judgment should therefore be so far reversed and modified as to declare this to be the construction and effect of this paragraph of the testator's will; the question of costs to be determined on settlement of the order. All concur.