Charles Wager et al., Respondents, *v.* Eliza H. Wager, Impleaded, etc., Appellant.

The will of W. gave to his wife the use of $4,000, which was about one-third of his estate, during life, with privilege, in case the income there-from should not be sufficient to support her, to use sufficient of the principal for that purpose. To his daughter S. was given the residue of his estate, including what remained of the $4,000 at the wife's death. The will, in case of the death of the daughter without issue before the death of the wife, thus provided : "All the property, both real and personal, that shall be left by my daughter at her death which shall belong to me at my death I give, together with what shall remain from the above-mentioned $4,000, devise and bequeath to my beloved wife, to her use, her heirs and assigns forever." The testator's daughter S., who was his only child, died before him leaving no issue. In an action brought by collateral relatives, the heirs and next of kin of the deceased, for a construction of the will, *held*, that it was the manifest intent of the testator to give to the survivor of the two legatees named his entire estate remaining undisposed of upon the death of the other, whenever that event should occur ; that the gift to the wife, in case of her surviving the daughter, was not dependent upon the taking effect of the primary gift to the daughter. and while the language employed in making the latter gift would generally import an absolute estate, yet as such a construction would render inoperative the limitation over, and would defeat the manifest intent as above stated, it was the duty of the court to limit so as to render the whole will operative and to effectuate the intent ; and that, therefore, the widow was entitled to the whole estate.

(Submitted April 22, 1884; decided June 3, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made February 5, 1883, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of the will of William Wager.

The testator left him surviving the defendant, Eliza H. Wager, his widow, the plaintiffs, who are his brother and sisters, and the defendants other than Eliza H. Wager, who are his nephews and nieces. The testator's daughter, Susie E. Wager, died three days before her father. The provisions of the will in question are as follows: "I give, devise and bequeath unto my beloved wife, Eliza H. Wager, $4,000, to have the use and control of said sum during the term of her natural life, and in case the interest of said $4,000 shall not be sufficient to support and maintain her, then she is to have the privilege and the right to use so much from time to time of the principal of said $4,000 as she shall deem sufficient to support and make her comfortable, and which said devise shall be lieu of dower.

"I give, devise and bequeath to my daughter, Susie E. Wager, all the remainder of my real and personal estate, and also whatever amount shall remain or be left by my said wife, at her death, of the said sum of $4,000; but in case my daughter, Susie E. Wager, shall die leaving no issue before the death of my said wife, then, and in that case, all the property, both real and personal, that shall be left by my daughter at her death, which shall belong to me at my death, I give, together with what shall remain from the above-mentioned $4,000, devise and bequeath to my beloved wife, Eliza H. Wager, to her use, her heirs and assigns forever."

The testator's property, real and personal, was in value about $12,000.

*E. A. Nash* for appellant. Where a will contains a devise or bequest to one person in terms which would pass the fee, or an absolute estate if there were no words of limitation, and

there is a subsequent provision giving the same estate or a remainder of it to another upon the happening of a contingency, the remainder over will take effect. (*Smith* v. *Bell*, 6 Peters, 68; *Norris* v. *Beyea*, 13 N. Y. 273, 284; *Ferry* v. *Wiggins*, 47 id. 512; *Taggart* v. *Murray*, 53 id. 233, 236; *Smith* v. *Van Ostrand*, 64 id. 278; *Colt* v. *Heard*, 10 Hun, 189; *Campbell* v. *Beaumont*, 10 Week. Dig. 232; *Flanagan* v. *Flanagan*, 8 Abb. N. C. 413, 417–422; 1 Jarm. on Wills [Bigelow's ed.], 472 and note 1; 18 Week. Dig. 211; Redf. on Wills, 395.) If the estate had been absolute in Susie E. Wager with power of disposal by will, so that the remainder over would have been void for repugnancy, still, Susie having died in the life-time of the testator, the remainder over took effect immediately upon his death. (*McLean* v. *Freeman*, 70 N. Y. 81; *Norris* v. *Beyea*, 13 id. 273; *Mowatt* v. *Carow*, 7 Paige, 328; *Downing* v. *Marshall*, 23 N. Y. 366; *Burbank* v. *Whitney*, 24 Pick. 146.)

*J. & Q. Van Voorhis* for respondents. The testator after making provision for his wife devised and bequeathed the remainder of his estates to his daughter, Susie Wager, but the will makes no disposition of such remainder in case the daughter should not live to take it, and as her death occurred in the testator's life-time, the devise and bequest to her lapsed, and that portion of the estate remains undisposed of by the will, and goes to the heirs. (*Jackson* v. *Bull*, 10 Johns. 19; *Ide* v. *Ide*, 5 Mass. 500.) In the construction of wills the intent of the testator must be gathered from the words of the will itself. (*Campbell* v. *Beaumont*, 91 N. Y. 467; *Mann* v. *Mann*, 14 Johns. 1; *Arcularius* v. *Geisenheimer*, 3 Brad. 64, 114; *Westcott* v. *Cady*, 5 Johns. Ch. 334; *Lovett* v. *Gillendie*, 35 N. Y. 617, 621; *Lovett* v. *Kingsland*, 44 Barb. 560; *Cramer* v. *Pinckney*, 3 Barb. Ch. 466, 475; *Wolfe* v. *Van Nostrand*, 2 N. Y. 436; *Kelly* v. *Kelly*, 61 id. 50; *Converse* v. *Kellogg*, 7 Barb. 593; *Chrystie* v. *Phyfe*, 19 N. Y. 348; Redfield's Law & Pr. Surr. Ct. 129.) The intention to be sought for in a will must be one which is not only apparent from the words

of the will, but one for the execution of which the testator has made suitable provisions in the will. (*Irish* v. *Husted,* 39 Barb. 411; *Smith* v. *Oliver,* 11 Beav. 494; *Carpenter* v. *Hurd,* 14 Pick. 449; *Sloan* v. *Hause,* 2 Rawle, 28–33.) It is enough that the will is capable of such a construction as that contended for on the part of the plaintiffs. (*Lynds* v. *Townsend,* 33 N. Y. 561; *Quinn* v. *Hardenbrook,* 54 id. 86; *Van Kleek* v. *Dutch Ref. Ch.,* 20 Wend. 469; *Van Kluke* v. *Dutch Ref. Ch.,* 6 Paige, 600; *Sloan* v. *Hause,* 2 Rawle, 28–33; *Downing* v. *Bain,* 24 Ga. 372–5; *Wood* v. *Mitcham,* 92 N. Y. 379; *Low* v. *Harmony,* 72 id. 408; *Kelso* v. *Lorillard,* 85 id. 182; *Irish* v. *Husted,* 39 Barb. 411; *Smith* v. *Oliver,* 11 Beav. 494.) The effect of the residuary clause is to make the devise and gift to the daughter absolute, and the gift over is repugnant to such absolute powers of disposal, and is void. (*Campbell* v. *Beaumont,* 91 N. Y. 464; *Jackson* v. *Bull,* 10 Johns. 19; *Smith* v. *Van Ostrand,* 64 N. Y. 284; *Trustees, etc.,* v. *Kellogg,* 16 id. 93; *Patterson* v. *Ellis,* 11 Wend. 260; *Jackson* v. *Delaney,* 11 Johns. 265; *Jackson* v. *Bellinger,* 18 id. 368; *Ide* v. *Ide,* 5 Mass. 500; *Hill* v. *Hill,* 4 Barb. 449; *In re Andrews' Will,* 27 Beav. 608–611; *Terry* v. *Wiggins,* 47 N. Y. 512; *Smith* v. *Bell,* 6 Peters, 68; *Burbank* v. *Whitney,* 24 Pick. 146; *Colt* v. *Hurd,* 10 Hun, 189; *Downing* v. *Marshall,* 23 N. Y. 366; *McLean* v. *Freeman,* 70 id. 81; *Taggart* v. *Murray,* 53 id. 233.) Under the authorities the will on its face gives all of the residue of the estates to the daughter, and gives no portion of such residue to any one else, and the will should be regarded for all purposes the same as it would be if the limitation clause were not in it. (*Howard* v. *Caruse,* 109 U. S. 725.) It was error in the trial court to charge plaintiffs with any of the costs down to the second trial. (*Thurber* v. *Chambers,* 66 N. Y. 42, 49; *Brown* v. *Brown,* 41 id. 507.)

RUGER, Ch. J. The primary rule for the construction of a will, which refers its interpretation to the intention of the testator, as derived from a consideration of all of its provisions,

is invoked by all of the parties to the action, and is undoubt-
edly that which should be applied in the solution of the ques-
tions arising on this appeal. If, therefore, the intent of the
testator may be plainly discovered from an examination of the
instrument and the comparison of its various provisions, and
the thing intended to be effected is not inconsistent with the
law, we are furnished with an acknowledged rule by which the
question in controversy may be determined.

That question, as we regard it, is whether any intent on the
part of the testator can be derived from the will, which would
permit his collateral relatives to share in the distribution of any
part of his property upon his death, except in the event of the
decease of all of the legatees named therein, or whether such an
intent is not plainly repelled by a comprehensive view of the
various provisions of the instrument.

There is certainly no express language used in the will
authorizing an inference that the testator intended that they
should in any contingency share in the immediate enjoyment
of his property, for they are neither mentioned nor even im-
pliedly referred to in any of its provisions.

It would seem, therefore, that they could not have been in
the mind of the testator as the possible recipients of his bounty,
except upon the contingency, for which the law provides, of their
succession as heirs at law or next of kin, in the event of the
decease, before the will could take effect as a testamentary dis-
position, of all of the legatees named therein.

The will in terms assumed to dispose of all the testator's
property, and indicates by express provisions the persons by
whom, and the contingencies upon which, he intended it should
be taken.

No names are mentioned in the will as possible legatees ex-
cept those of the testator's wife and daughter, and they, by its
express language, were to take the entire estate upon his decease
on the terms and conditions expressed therein.

Alternate provisions were made for each, depending upon the
event of one surviving the other, wherefrom it is clearly in-
ferable that he intended to guard against the possibility of any

third person interposing between either his wife or daughter in the enjoyment of any of his property.

The leading and paramount idea of the testator seems to have been to bestow all of his property upon his wife and daughter to the exclusion of all other claimants upon his bounty.

The sum of $4,000, which constituted about one-third of the estate, was devised to the wife for life with the privilege of disposing of the principal sum if she deemed it necessary for her support and comfort.

The residue, together with what should remain of the said sum of $4,000 after the death of his wife, was devised to his daughter, and in case of her death, leaving no issue, a remainder was provided for the wife, of the entire estate left by the daughter.

It seems impossible to resist the conclusion from these provisions that it was the manifest intention of the testator to give to the survivor of the two legatees named in the will the entire estate left by him and remaining undisposed of upon the event of the death, whenever that should occur, of either legatee.

Such is the plain language of the will, and a contrary intent can be imputed to the testator only by doing violence to clearly expressed intentions.

It would be quite unnatural and unreasonable to subject the testator's declared intention to care for his wife to a supposed intent drawn from vague expressions clearly susceptible of another meaning, or to suppose that he intended to make express provisions dependent upon what he must have regarded as the immaterial circumstance of his daughter's survivorship and capacity to take and hold for a brief period of time after his death the property intended to be devised to her.

It seems quite certain that the testator supposed that the will as executed gave the property immediately to the wife, in the event of the death of the daughter, whenever that should occur, or assumed that the daughter would survive himself, as would indeed accord with the natural course of nature, and, therefore, neglected to provide for what he deemed an improbable contingency.

It remains only to be seen whether there is any rule of law which prevents the court from effectuating the intent of the testator.

It is argued by the respondent that the provision for a remainder to the wife was void on account of its repugnancy to the absolute estate in the remaining two-thirds of the property which it is claimed was devised to the daughter by the second clause of the will.

It must be observed, with reference to this contention, that there are no words of inheritance or express language used in the bequest indicating an intention to give an absolute estate to the daughter, and such an intention is inferable only from the language used in constituting the remainder for the wife, which, by describing it as that part of the devised property to be left by the daughter at her death, leaves it to be implied that the power of disposing of it during her life was intended to be given to her. The language used in this portion of the will is quite inexact, and leads to the inference that it was not considered with that care which should induce courts to give to each word used its literal effect when opposed to the apparent general scheme of the will.

Thus, he says, " in case my daughter, Susie E. Wager, shall die leaving no issue before the death of my said wife, then in that case all the property, both real and personal, that shall be left by my daughter at her death which shall belong to me at my death," I devise and bequeath to my wife.

The literal signification of the words, " shall belong to me at my death," would require the property to pass directly from the testator to his wife without an intervening estate.

If he had intended to refer to a future estate to be created after his own death, and also the subsequent decease of the daughter, the language used is inappropriate to express such an object.

A paraphrase of this section which should read as follows : " All property which shall belong to me at my death, in case the same is not disposed of by my daughter during her life, I devise, upon her decease, leaving no issue, to my wife," would

be within the province of the court to make, and would seem to accord with the idea intended to be expressed. Read in this way, the devise to the wife would be deemed a substituted devise valid under all the authorities, and operative to prevent a lapse of the legacy through the presence of a person competent to take it under the express provisions of the will.

An ulterior devise, to take effect upon the defeasance of a former one, will attach as well when the failure of the primary devise is by the happening of some event, such as the death of the devisee, during the life-time of the testator, as by an event occurring after his death, by which the first devise after it has taken effect is defeated, unless the ulterior devise is so connected with and dependent upon the primary one that it cannot consistently with the provisions of the will have effect if the latter fails *ab initio*. (*McLean* v. *Freeman*, 70 N. Y. 81; *Downing* v. *Marshall*, 23 id. 366.)

The language of the provision under consideration expressly gives the property therein described to the wife solely upon the contingency of the death of the daughter, whenever that might occur, and we think that there is no language used in the will indicating an intention on the part of testator to make this devise in any way dependent upon the taking effect of the first devise.

The entire contention of the plaintiff is based upon an inference sought to be drawn from language used simply by way of description, and the attempt is thus made to destroy an estate, by an inconclusive inference, which the express language of the will attempted to create.

It is doubtless competent to refer to this portion of the will for such a purpose, but it is upon the principle that the testator's intent is to be derived from an examination of the text of the whole instrument, and when such an intent is found to be inconsistent with that sought to be derived from the language used in the description, as distinguished from the disposing portions of the will, the former must give way to the latter.

This is upon the familiar principle that the language used by a conveyancer, in expressing his intentions as to a subject

which is then present to his mind, is more likely to be chosen with care and deliberation than that employed in other parts which are incidental only to the subject under consideration. In the absence of other satisfactory evidence as to the intent of the testator, the language used in the clause in question would doubtless confer an absolute interest in the property upon the daughter, and would, in that case, make the limitation over to the wife void for repugnancy.

The controlling force, however, which has always been given to the intent of the testator, as ascertainable from the general scope and tenor of the instrument, require us to ascribe to the conveyancer inexactitude of expression, rather than such a meaning as will defeat the testator's intent.

We are of the opinion that, although the language employed in making the devise to the daughter would generally import an absolute estate in the property, yet that the creation of a limitation over, clearly intended to deny her the power of disposing of it by will, and the force of the testator's intention, as derived from the provision for a remainder in the wife, and the scope and design of its provisions generally, fairly imply an intention, on his part, to confer a life estate only. upon the daughter. While it is not competent for the court to frame a will for the testator, or import new provisions into it for the purpose of carrying out a supposed intent, yet it has been uniformly held to be their duty to give such a construction to the provisions made, especially if they are couched in inexact and ambiguous phraseology, as will effectuate the general intent of a testator, as derived from an examination of the whole instrument. Thus it has been held that words and phrases may be transposed, or even inserted, or left out of a provision, if it becomes necessary to do so in order to accomplish a clearly expressed intention of a testator. It was said by Judge ANDREWS, in *Taggart* v. *Murray* (53 N. Y. 236), " if upon a comparison of the different provisions of a will it is found to contain dispositions which are repugnant to each other, then it is the office of judicial interpretation to preserve, if consistent with the rules of law, the paramount intention of the testator, as

disclosed by the instrument, although in so doing it may defeat his purpose in some subordinate and less essential particular."

In accordance with this principle it was held, in *Terry* v. *Wiggins* (47 N. Y. 512), where a will devised to the testator's wife " all other real and personal estate and effects that I may die possessed of, for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same," with a devise of the residue, after his wife's death, to trustees for purposes named, that the wife took a life estate only with power of disposition, and that the last clause created a valid remainder. We do not think the case of *Campbell* v. *Beaumont* (91 N. Y. 464), properly considered, at all conflicts with our view of the question now presented. In that case, as in this, the intention of the testator was sought after by an examination of the scope and meaning of all of the provisions of the will, and the first devise was there in terms given for the " sole use and benefit " of the primary devisee. In view of that fact, and from the indefinite and inconclusive character of the language used in framing the provision, which was claimed to have created a remainder, it was held that it was not the intention of the testator to limit the absolute character of the primary devise.

The case of *Smith* v. *Bell* (6 Peters, 68) seems to be distinguished from this by no appreciable circumstances. The devise there was in this language : " I give to my wife, Elizabeth Goodwin, all my personal estate whatsoever and wherever, and of what nature, kind and quality soever, after payment of my debts, legacies and funeral expenses," " to and for her own use and disposal absolutely, the remainder after her decease to be for the use of the said Jesse Goodwin." It was held that Elizabeth took only a life estate and that the remainder to Jesse was valid. Chief Justice MARSHALL says : " It is impossible to mistake the intent. The testator unquestionably intended to make a present provision for his wife, and a future provision for his son. This intention can be defeated only by expunging, or rendering totally inoperative, the last clause of the will. In doing so we

must disregard a long series of opinions making the intention of the testator the polar star to guide us in the construction of wills, because we find words which indicate an intention to permit the first taker to use part of the estate bequeathed."

The rule that a limitation over to one cannot be based upon a primary devise of an absolute estate to another, is founded entirely upon the supposed intention of the testator.

When provisions are irreconcilably conflicting, one must give way to the other, and that must be adopted which seems to accord most clearly with the testator's primary object in executing the instrument; but when by limiting the character of the first estate, the second may also be preserved, it is clearly the duty of the court to do, so unless such a construction is subversive of the general scheme of the will, or forbidden by some inflexible rule of law.

The propositions above stated have been so uniformly laid down of late years not only by elementary writers but also in the reported cases, that we deem it quite unnecessary to make extended reference to the authorities. The following additional cases may be cited as supporting the general principle by which we have been controlled. (*Norris* v. *Beyea,* 13 N. Y. 273; *Smith* v. *Van Ostrand,* 64 id. 278.)

It may be said generally, with reference to the cases relied upon by the respondent, that they were either cases where the testator by unequivocal language gave an absolute estate to the first devisee, or an intent to do so was clearly to be implied from the language of the will, and in this view they are all reconcilable with the views which we entertain of this case.

The judgment of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur except RAPALLO and ANDREWS, JJ., dissenting.

Judgment accordingly.