Judgment and order reversed, new trial granted, costs to abide event.

---

AMBROSE SPENCER AND JOHN R. KNAPEN, AS ADMINIS-
TRATORS, ETC., OF WILLIAM D. SPENCER, DECEASED,
APPELLANTS, *v.* OLIVER H. P. STRAIT, AS EXECUTOR,
ETC., OF ESTHER SPENCER, DECEASED, RESPONDENT.

*Will — when a gift of the remainder is valid, although the tenant for life has power to
dispose of the principal.*

A testator gave to his wife all his " property, both real and personal, for her to use, occupy and possess, sell or dispose of, in any way that she may deem proper for her own use and benefit; * * * and it is my will that all the property that Esther, my wife, shall possess at the time of her death, both real and personal, shall be disposed of in the following manner: Let one-half be given to her heirs, or to whom she may see fit to bequeath it. Let the other half be divided between " relatives of the testator named in the will. Esther had separate property of her own.

*Held,* that the wife was at liberty to enjoy the income and use the principal, if she desired to do so, but that if she did not use all the principal, then whatever remained at the time of her death should go as provided in the will.

*Wager* v. *Wager* (96 N. Y., 164) followed.

*Quære,* as to whether the legatees in remainder, or the executors or administrators of the husband, should bring the action to recover the residue of the principal.

APPEAL from a judgment dismissing the complaint, entered upon the report of a referee.

*James Lansing* and *R. M. Townsend, Jr.,* for the appellants.

*Edgar L. Fursman,* for the respondent.

LEARNED, P. J.:

The plaintiffs are administrators with the will annexed *de bonis non* of William D. Spencer, deceased. The defendant is executor of Esther Spencer, deceased, who was the widow and executrix of William D. The plaintiffs seek in this action to recover certain assets, alleged to be unadministered assets of the estate of William D. The referee reported that the complaint should be dismissed and the plaintiffs appeal.

It was not shown that there were any unadministered assets in the defendant's hands. The referee does not find that there are any in defendant's hands, and the proof does not show any. The defendant's inventory included a pass book in the Troy Savings Company in the name of William D. But the money which stood to his account has been paid by the company to the plaintiffs.

There was another Savings bank book which showed a credit of some $639 to William D. But that amount had been drawn out by Esther during her life. There is no evidence what she did with the money. As by the will of William D. she had the undoubted right to use and dispose of the property for her own benefit, this amount received by her and apparently used is not unadministered assets of his estate.

The complaint was, therefore, properly dismissed on the ground thus shown. But the parties have discussed another question and desire a decision. That is whether under the will of William D., Esther took the whole estate, or whether there is a remainder in others. William D. had no children and owed no debts. His will gave her " all my property both real and personal for her to use, occupy and possess, sell or dispose of in any way that she may deem proper for her own use and benefit." Then it proceeded: " And it is my will that all the property that Esther my wife shall possess at the time of her death, both real and personal, shall be disposed of in the following manner: Let one half be given to her heirs or to whom she may see fit to bequeath it. Let the other half be divided between," etc., naming relatives of the testator and making quite elaborate provisions. Esther had separate property, and a peculiarity of the will may be noticed, that the testator assumes to dispose of her property as well as his own. It seems

from the testimony that there may have been some understanding between the husband and wife that the whole of the property of both should be divided equally between the relatives of each. And this may explain the peculiarity of the will.

It is remarked in *Campbell* v. *Beaumont* (91 N. Y., 464), that "courts do not agree in their interpretation." The truth of that remark is manifest on a comparison of that case with *Wager* v. *Wager* (96 N. Y., 164). It is there said that *Campbell* v. *Beaumont*, "*properly considered*," does not conflict at all with the decision in that later case. Probably the court meant "properly *reconsidered;*" since the court gave no explanation how the two cases could be reconciled. Without the benefit of such explanation, we are unable to see that harmony in the two decisions which gives certainty to the law. At the present, however, we suppose the views expressed in *Wager* v. *Wager* should govern. That is, that the scope and tenor of the instrument should control, what is called "the inexactitude of expression." And the present case is also very closely similar to that of *Terry* v. *Wiggins* (47 N. Y., 512), where the same views are expressed.

The very careful provisions made by the testator as to the half of his property which he devised to go to his own relatives ought not to be disregarded. It can hardly be doubted that the meaning of the testator was that his wife should use and possess the property *for her own use and benefit*. That is, she was at liberty to enjoy the income, and to use the principal if she desired to do so. But if she did not use all the principal, then *what she should possess at the time of her decease*, that is, whatever remained, not actually used by her, was to go as provided in the following clause. Half of it was to be hers absolutely, inasmuch as it was to go to her heirs or legatees. The other half was to go according to the careful provisions of the will to his relatives. This makes all the clauses of the will consistent and carries out the testator's wishes.

Another point may be suggested which was not discussed on the argument. In *Smith* v. *Van Ostrand* (64 N. Y., 278), a case somewhat similar to the present, the court held, at page 285, that the action should be brought by the legatees in remainder and not by the executors or administrators of the deceased.

Whether the circumstance that Esther had taken and held pos-

session of the pass-book in the Troy Savings Company brings this case within that decision we leave without deciding.

The judgment should be affirmed, with costs.

LANDON, J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment affirmed, with costs.