WEBER *v.* LESTER *et al.*

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

TESTAMENTARY POWERS—OPTION OF DONEE.

A devise of 20 acres of certain specified land, "or such other twenty (20) acres of any land of which I may die seised or may be agreed upon between" the devisee and the executors, leaves it to the option of the executors to agree on other land; and where the land specified has been sold under a mortgage during the life-time of the testatrix, the executors cannot be compelled to exercise the power. COR-LETT, J., dissenting.

Appeal from special term, Erie county.

Action by Elizabeth J. Weber against John N. Lester and others to con-strue the will of Christiana Farthing, deceased. The opinion delivered at special term was as follows:

"DANIELS, J. By that part of the will of Christiana Farthing that has now been made the subject of controversy, she devised to her nephew, the defendant John N. Lester, 'for and during his natural life, but no longer, twenty (20) acres of land, situate, lying, and being in said town of West Seneca, at the south-west corner of Abbott road and Wells road, so called, to be divided and set off to him as soon after my death as the same can well be done, in as nearly the form of a square as may be, or such other twenty (20) acres of any land of which I may die seised as may be agreed upon between my said nephew and the executors of this, my last will and testament; and I hereby will and direct that said executors shall execute and make, at the ex-pense of my estate, and deliver to said John N. Lester, a proper and sufficient

instrument in writing, under their hands and seals, and by them duly ac-- knowledged, so as to entitle the same to be recorded, in and by which they shall designate and describe, by metes and bounds, the twenty (20) acres of land so set off and allowed to said John N. Lester.' The testatrix further di- rected that the twenty acres in this manner mentioned should become and be- disposed of as part of her residuary estate, in case her nephew, John N. Les- ter, should die before or after her own decease without lawful issue; but, in case he died leaving lawful issue, then the twenty (20) acres were devised in remainder to such issue. He has survived the executrix, and also has lawful issue, who are defendants in this action.

"But, after the making of her will, she made and executed a mortgage upon the land, which included the twenty acres at the south-west corner of the Abbott and Wells roads; and, default having been made in the payment of the debt secured by the mortgage, it was foreclosed, and the land described in it was sold under the judgment in the foreclosure action to a person other than the testatrix. This sale was made in 1879, near two years before her own decease. It is entirely clear that this incumbrance, foreclosure, and sale deprived the devisee, John N. Lester, and his issue, of the twenty acres re- ferred to at the south-west corner of Abbott and Wells roads. As to that, there can be no possible question, and no absolute right was devised to him or them to any other twenty acres of land owned by her. Neither did she- devise to him or them any other twenty acres in case her title to the land at the corner of these streets should be for any cause extinguished. But what she did direct was that he should have any other twenty acres of land than- those in this manner mentioned, which he and her executors might agree- upon, of which she might die seised. She gave no positive or mandatory directions to substitute any other twenty acres for those first mentioned by · her. Neither did she direct her executors to set off any other twenty acres in case her title to those at the corner of these roads should for any cause fail. If she had done either, then the direction could be carried into effect by the decree of a court of equity. That would have created an imperative power· in trust, and such powers the statute has empowered this court to maintain, and enforce. But all that the testatrix has done by way of substituting another for the twenty acres by her described has been to empower the execu- tors and her nephew to agree to make that substitution. She has provided the power, without directing its execution. Whether it shall be executed or not has been left to the mere volition of these parties. It is the power to agree only, and the court has no authority to adjudge that they shall agree as long as the testatrix has not directed that they must, or in any other man- ner created the obligation that they shall agree. Whether they should agree has been left optional. That is the extent of the power created, and the court has received no authority whatever to extend it, but its duty consists wholly in maintaining and carrying into effect the intention as it has been disclosed; for a power whose execution or non-execution has been expressly made to de- pend upon the will of the grantee has been excepted from the compulsory in- terference of the court. 3 Rev. St. (7th Ed.) p. 2191, § 96. It is the other classes of powers that are mandatory, and the court has been empowered to enforce.

"This conclusion is more in harmony with the probable intention of the· testatrix than any other that can be placed either upon her language or con- duct, for she must have been aware of the sale in the foreclosure suit of the· twenty acres at the corner of the two roads under the mortgage placed by herself upon it; and, if she had intended that her nephew should certainly have twenty acres of her other land in place of these, she would probably have indicated the existence of that intention by some subsequent and equiva- lent testamentary act. That she did not do, and the omission confirms the conclusion that it was not her intention that this devisee should surely, in the·

event that occurred, still become entitled to any other twenty acres. The executors having declined to make this agreement, the court has not been invested with authority compulsorily obliging them to enter into it. This is in harmony with the manner in which the testatrix has expressed and defined the power which might be exercised, and conforms to the statute, as well as decided authorities. *Vandemark* v. *Vandemark*, 26 Barb. 416; *McNaughton* v. *McNaughton*, 34 N. Y. 201; *Hull* v. *Hull*, 24 N. Y. 647. Judgment will therefore be directed to the effect that neither John N. Lester nor his children have any title or interest in the land to be affected by this action. The form and findings will be settled on notice to the attorneys for the defendants."

Judgment was entered in accordance with this opinion, and defendants appeal.

Argued before DWIGHT, P. J., and CORLETT and MACOMBER, JJ.

*Tracy C. Becker*, for appellants. *Wadsworth & Loveridge*, for respondent.

PER CURIAM. Judgment affirmed on opinion of DANIELS, J., at special term.

CORLETT, J., (*dissenting.*) Christiana Farthing made her will in June, 1871. She died in September, 1881. The will was admitted to probate. In 1888 the plaintiff brought an action for the construction of the will. The case was tried at special term in July, 1889. The decision was in accordance with the respondent's contention, and the defendants moved for a new trial under section 1001 of the Code of Civil Procedure. The provisions of the will in controversy are: "*Second.* I give and devise to my nephew, John N. Lester, for and during his natural life, but no longer, twenty (20) acres of land situate, lying, and being in the town of West Seneca, and the south-west corner of Abbott road and Wells road, so-called, to be divided and set off to him, as soon after my death as the same can be done, in as nearly the form of a square as may be, or such other twenty (20) acres of any lands of which I may die seised as may be agreed upon by and between my said nephew and the executors of this, my last will and testament; and I hereby will and direct that said executors shall make and execute, at the expense of my estate, and deliver to said John N. Lester, a proper and sufficient instrument in writing, under their hands and seals, by them duly acknowledged so as to entitle the same to be recorded, in and by which they shall designate and describe by metes and bounds the twenty (20) acres of land as set off and allotted to said John N. Lester. In case said John N. Lester shall die before I do, leaving no lawful issue or descendant him surviving, then and in such case I will and direct the said twenty (20) acres of land which he will take if living, at the time of my death under and by virtue hereof, shall be, and be considered, a part of my residuary estate, and shall be disposed of and pass as such under and by virtue of the fourth clause of this, my last will and testament. In case said John N. Lester survives me, and dies without lawful issue, him surviving, then and in such case I will and direct that said twenty acres of land upon his death shall be, and be considered, a part of my residuary estate, and as such shall be disposed of and pass as such under and by virtue of the fourth clause of this, my last will and testament. In case said John N. Lester shall die leaving lawful issue, descendant or descendants, him surviving, then and in such case I give and devise said twenty acres of land to his lawful issue, descendant or descendants, equally, if there be more than one, share and share alike; but, if there be but one, he or she shall have and take the whole of said twenty acres of land." John B. Weber and William W. Lawson were appointed executors of the will. Lawson died in January, 1888, leaving Weber the sole executor. The 20 acres on the Abbott road were sold on the foreclosure of a mortgage about two years

before the death of the testatrix, but she left other real estate. The question here is whether Lester can obtain the 20 acres out of the other lands owned by the testatrix at the time of her death.

The rule is familiar that where, upon examination of a will as a whole, the intention of the testator appears clear, but its plain and definite purposes are endangered by inapt or incorrect modes of expression, the court may, and it is its duty to, subordinate its language to the intention. It may reject words and limitations; supply or transpose them to get at the correct meaning. *Phillips* v. *Davies*, 92 N. Y. 199; *Wager* v. *Wager*, 96 N. Y. 164. The testatrix, at the time of making her will, owned considerable real estate and personal property, all of which she disposed of by will. It is obvious that she intended to give Lester the use of 20 acres of land during his life-time. Her primary purpose was to devise to him the 20 acres on the Abbott road, but she authorized an equal amount to be agreed upon by her executors and him out of other lands of which she might die seised. There is no room for claim that the testatrix intended that Lester, in any event, should have the use of 40 acres. Every clause in the will limits the amount to 20. Under such circumstances, if, for any reason, the Abbott road land was not available, it was the express intention of the testatrix to substitute another 20 acres in its place. It is entirely immaterial whether, at the time of her death, she owned the Abbott road land or not. Power was given, in the way directed, to agree upon another 20 acres, which would involve an abandonment of the first. If she did not own the Abbott road land, then her purpose was to devise another 20 acres out of the lands of which she died seised. If he cannot insist upon an allotment of another 20 acres, then he gets nothing. It was obviously not her intention that, in any contingency, he should lose the use of 20 acres of land during his life-time. The suggestion of the special term that the executors could not be compelled to agree with Lester as to another 20 acres must depend upon the construction of the will. If the use of 20 acres was devised by the testatrix, the court has inherent power to direct a conveyance. *Williams* v. *Williams*, 8 N. Y. 528; *Owens* v. *Society*, 14 N. Y. 380–408. The purpose of the testatrix cannot be defeated by a refusal on the part of the executor to agree with Lester as to the particular 20 acres which should be set off or assigned to him. If necessary, the court will compel him to agree. If not, it could adjudge an allotment without his intervention, and against his protest, either of the land or its proceeds in event of a sale. It is the duty of the court to give full effect to the intent of the testatrix. The respondent's contention, and the decision at special term, would utterly defeat such intention. The decision at special term should be set aside, and a decree entered in accordance with the views stated.