vided that the property of the several synods and presbyteries which were continued or merged in the Synod of New York should vest in the New York Synod. While this act might affect the transfer of property already in possession of the several synods and presbyteries thus united in the larger synod, it could not affect these legacies given, not to the synod or presbytery, but to voluntary societies existing within their territory.

While this court will always endeavor to carry out the wishes of a testator, yet there may be cases where the means to be employed are not recognized by the law of the state as being good public policy, and thus the good of all must be considered as being of more importance to the community than the carrying out of a particular intention. The law considers it bad public policy that testators should be allowed to make bequests to an association of individuals having no legal or continuous existence, which might be dissolved or abandoned at any time, thus leaving the property so accumulated to be appropriated or misappropriated at the will of those having it in possession.

It will be decreed that two-thirds of the residuary estate is undisposed of, and goes by the intestate law to the next of kin of the testatrix.

Decreed accordingly.

---

(81 Misc. Rep. 106.)

### In re TITLE GUARANTEE & TRUST CO.

(Surrogate's Court, New York County. May, 1913.)

1. WILLS (§ 853*)—CONSTRUCTION—LIFE ESTATE—REMAINDERMEN.

Where a will bequeathed the income of a certain sum to C. for life and provided that the principal sum should be paid to testator's grandchildren at C.'s death, and where C. predeceased testator, C.'s life estate constituted a preceding limitation and not a condition, and hence the remaindermen became entitled to the corpus of the trust upon testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2169; Dec. Dig. § 853.*]

2. WILLS (§ 531*)—CONSTRUCTION—DISTRIBUTION.

Where testator gave a certain sum in trust to C., the income to be paid to C. for life, and after his death the principal to be paid to testator's grandchildren and the surviving issue of any that may have died "per stirpes and not per capita," and in every case where testator directed the distribution of the remainder after a life estate in a trust fund there was a comma after the names of the persons to whom the remainder was bequeathed and a comma after the word "surviving" in the intervening phrase immediately before the words "per stirpes and not per capita," it indicates that such words were intended by testator to qualify the clause descriptive of the persons who would take the remainder in the first instance and those who would take in the event of the death of those primarily intended to take.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. § 531.*]

3. WILLS (§ 531*)—CONSTRUCTION.

Where a bequest is made to a person standing in a certain relation to testator and to children of another person standing in the same relation, the former takes only a share equal to that of the latter, where the in-

---

tent of the testator to make such a disposition of his property is manifest from the language of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. § 531.*]

4. TAXATION (§ 873*)—TRANSFER TAX—EXEMPTION.

Where a legacy is presently payable to a person who is also a contingent remainderman, the exemption to which he is entitled under the transfer tax law as legatee will be deducted from the legacy only in the proportion which the entire value of his interest in the estate bears to the value of the legacy and not in toto.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1689; Dec. Dig. § 873.*]

Judicial settlement of the account of the Title Guarantee & Trust Company, as executor of the last will and testament of William Buchanan, deceased. Decreed according to opinion.

Joseph H. Fargis, of New York City, for executor.

Stetson, Jennings & Russell, of New York City, for Adele Brown.

Davis, Symmes & Schreiber, of New York City, for Charles L. Buchanan.

Russell H. Landale, of New York City, for Frank E. Miller.

John V. Judge, of New York City, for Joseph Kronethal.

Robert J. Turnbull, of New York City, special guardian for Adelaide Buchanan.

DeLancey K. Jay, special guardian for infants John J. Boyd and others.

COHALAN, S. The Title Guarantee & Trust Company, as executor under the last will and testament of the decedent, has filed its account and asks that the court construe paragraph tenth of the will in order that it may make a proper distribution of the estate. It also asks the court to determine the manner in which the transfer tax upon the respective remainder interests shall be apportioned.

[1, 2] The tenth paragraph reads as follows:

"Tenth. I give and bequeath unto the Title Guarantee & Trust Company, a corporation organized under the laws of the state of New York, the sum of twenty thousand ($20,000) dollars, in trust nevertheless, to invest and reinvest the same, and receive the proceeds thereof and to pay over the net annual income thereof unto William N. Clem (in recognition of his thirty years' faithful service), for and during his natural life, and at the death of the said William N. Clem I give and bequeath the said sum of twenty thousand ($20,000) dollars unto the children then living of my sons Charles P. Buchanan and William C. Buchanan, and the issue of such as may have died leaving issue then surviving, per stirpes and not per capita."

William N. Clem predeceased the testator. As his life estate constituted a preceding limitation and not a condition, the remaindermen became entitled to the corpus of the trust fund upon the death of the testator. Wager v. Wager, 96 N. Y. 164; United States Trust Co. v. Hogencamp, 191 N. Y. 281, 84 N. E. 74.

At the time of the execution of the will the testator had two sons living, Charles P. Buchanan and William C. Buchanan. The latter died before the testator and was survived by his children, Adele Bu-

chanan and William H. Buchanan. These children of William C.
were living when the testator died. There were also living at that
time Charles L. Buchanan, J. Roderick Buchanan, and Adelaide Bu-
chanan Baldwin, the children of testator's son Charles. These con-
tend that the remainder after the life estate of William N. Clem in the
trust fund of $20,000 was bequeathed by the testator to the children of
his sons, Charles P. Buchanan and William C. Buchanan, per capita,
and that each of the children of Charles P. and William C. Buchanan
takes an equal interest in the said fund, while William H. Buchanan
and Adele Buchanan, the children of William C. Buchanan, contend
that the trust fund was bequeathed to the children of Charles P. and
William C. Buchanan per stirpes, and that they are entitled to $5,000
each, while the children of Charles P. Buchanan are only entitled to
$3,333 each. The intent of the testator, as ascertained from the lan-
guage of the particular paragraph above referred to, as well as from
an examination of all the provisions of the will, must govern in the
determination of the question whether the testator intended that the
remainder after the life estate to William N. Clem should go to the
children of his sons, Charles P. Buchanan and William C. Buchanan,
per stirpes or per capita.

[3] It is a rule of construction that, where a gift is made to a per-
son standing in a certain relation to testator and to children of an-
other person standing in the same relation, the former takes only a
share equal to that of each of the latter; but the intent of the testator to
make such a disposition of his property must be manifest from the
language of the will. In Matter of Verplanck, 91 N. Y. 439, it was
held that the bequest to nephews and nieces of testator's brother and
sister was intended to be per capita and not per stirpes; but in that
case the court examined all the provisions of the will in order to as-
certain the intent of the testator. It is manifest that the testator
herein intended that the issue of any of his grandchildren who died
before the termination of the life estate should take per stirpes and
not per capita, because the direction for such method of distribution
immediately succeeds the clause designating the beneficiaries. The
same language in regard to the method of distribution is used by the
testator in paragraphs ninth and seventeenth of the will. In para-
graph twenty-second he provides that if any legatee contests the pro-
bate of the will the share of the one so contesting shall go to the other
children per stirpes and not per capita. In the second codicil he pro-
vides that the remainder after the life estate to Charles C. Pise and
his wife shall go to the "children then living of my sons Charles P.
Buchanan and William C. Buchanan and the issue of such as may
have died leaving issue then surviving, per stirpes and not per capita."
In the eighth paragraph of the second codicil he directs that the re-
mainder after the life estate of his son Charles P. Buchanan shall be
paid to the children of Charles P. Buchanan then living and the issue
of such as may have died, leaving issue then surviving, per stirpes and
not per capita. He also provides that the remainder after the life es-
tate of his grandson Howard Buchanan shall be paid to his "children
then living, and the issue of such as may have died, leaving issue then

surviving, per stirpes and not per capita." In the same paragraph it is also provided that, if the said Howard Buchanan should not leave any children him surviving, then the principal is to be paid to his sister, if living, and if she should be dead, leaving issue then surviving, the principal is to be paid to such issue per stirpes and not per capita. He also provides that if his grandson Howard Buchanan should die without leaving issue, and his granddaughter Adele Buchanan should then be dead without issue surviving, the principal "shall be divided per stirpes and not per capita among those persons who at that time answered to the description of my next of kin." It therefore appears from the entire context of the will that the testator intended that the distribution of his property should be per stirpes and not per capita. In every case where he directs the distribution of the remainder after a life estate in a trust fund, there is a comma after the names of the children to whom such remainder is bequeathed, and a comma after the word "surviving" in the intervening phrase immediately before the words "per stirpes and not per capita." This would seem to indicate that the words "per stirpes and not per capita" were intended by the testator to qualify both of the immediately preceding clauses, namely, the clause descriptive of the persons who would take the remainder in the first instance and the clause descriptive of those who would take in the event of the death of any of those primarily entitled to take. If in the tenth paragraph the words "per stirpes and not per capita" were inserted after the names of the testator's children, there could be no doubt about the intent of the testator; but it would be necessary to repeat the words after the clause providing for the distribution of the share of any of their issue who may have died leaving issue them surviving. In order to prevent the repetition of the words "per stirpes and not per capita" the testator inserted a comma after the names of his sons to whose children he bequeathed the remainder, and again after the direction that the issue of such as may have died should receive a share of the estate, thereby intending to qualify both of the preceding clauses by the words "per stirpes and not per capita." If the testator had intended to limit the distribution per stirpes to the issue of such of his grandchildren as had died, there would be no need of inserting a comma after the word "surviving"; it would be superfluous. The fact that in all the paragraphs of the will where there is a direction for distribution after the death of any of the testator's grandchildren a comma is inserted after the word "surviving" indicates that the testator sought to accomplish a certain definite purpose by its insertion; and the only purpose which it could accomplish would be to extend the qualifying effect of the words "per stirpes and not per capita" to the two immediately preceding clauses. As its omission would clearly indicate that only the last clause was qualified by the words "per stirpes and not per capita," so its insertion indicates that the qualifying words apply to both clauses.

It has been held that, if from any expression of the will an intention can be discovered that the children of a deceased daughter are to take as a class and not as individuals, that intention must prevail. Ferrer v. Pyne, 81 N. Y. 281; Matter of Keogh, 112 App. Div. 414, 98 N.

.Y. 'Supp. 433. It would therefore appear that the testator intended that the trust fund mentioned in paragraph tenth of the will should be distributed among his grandchildren per stirpes and not per capita.

[4] The executor also asks that the court determine how the transfer tax upon the various remainders after the life estates provided in the will shall be apportioned. The transfer tax upon the value of the respective life estates and the remainders thereafter should be paid out of the particular trust funds set apart for the benefit of the life tenants. Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782; Matter of Tracy, 179 N. Y. 501, 72 N. E. 519. As each of the decedent's grandchildren is entitled to an exemption of $5,000, the special guardian for Adelaide Buchanan contends that her share of the fund mentioned in the tenth paragraph of the will should be paid to her free from any transfer tax, and the same contention is made by the attorneys representing the other participants in the said fund. As the statute does not provide that any particular portion of the property passing to a beneficiary shall be exempt, but only that of the entire amount transferred $5,000 shall be exempt, the beneficiaries are not entitled to set apart any particular $5,000 for the exemption. The $5,000 is to be deducted from the value of the entire legacy, and those entitled to participate in the trust fund disposed of in paragraph tenth of the will are entitled only to an exemption on that amount in the proportion which the entire value of the bequests made to them bears to the amount to which they are entitled under that paragraph. The amount of the tax as so ascertained is to be deducted by the executor from the amount paid over to the legatees under paragraph tenth of the will, and the tax upon the remainder of their respective interests in decedent's estate is to be paid out of the respective trust funds in which they are interested as remaindermen.

Submit decree in accordance with this decision, and tax costs on notice.

Decreed accordingly.