(84 Misc. Rep. 462)

BACON v. SAYRE et al.

(Supreme Court, Trial and Equity Term, Seneca County.   December, 1913.)

1. WILLS (§ 697*)—ACTION TO OBTAIN CONSTRUCTION—PARTIES.

The sole surviving executor of an estate may, over objection of his trustee in bankruptcy, who has been made a party defendant, sue to obtain the judicial construction of a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1671–1675; Dec. Dig. § 697.*]

2. WILLS (§ 597*)—CONSTRUCTION.

A will bequeathing to testatrix's children "absolutely" the residue of her estate vested in them an absolute interest at her death, though it contained a provision for a gift over in case of the death of a child without issue, where it appeared from the circumstances under which the will was executed that testatrix intended that such proviso should apply only in the case of the death of any of her children during her lifetime.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1319–1326; Dec. Dig. § 597.*]

3. WILLS (§ 471*)—CONSTRUCTION.

A testator's intention is to be gathered from the entire will; but an absolute estate once given will not be cut down by subsequent terms of the will, unless such clearly and decisively appears from the language used to have been testator's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 989; Dec. Dig. § 471.*]

4. WILLS (§ 538*)—CONSTRUCTION.

Where a devise made in absolute terms is followed by a substituted devise to operate in case of the death of the first-named devisee, such death means death in the testator's lifetime, unless the whole context of the will shows that a death at any time was meant.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1162, 1302–1309; Dec. Dig. § 538.*]

5. WILLS (§ 656*)—CONSTRUCTION—INHIBITORY CLAUSE.

Where an absolute devise to testatrix's children is followed by a provision that "in no event shall the shares of my said daughters * * * go to their husbands respectively," the words quoted, not constituting a portion of the disposing part of the will, will not be construed to prohibit a daughter from giving a part of her share to her husband after it shall become her property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1546–1550; Dec. Dig. § 656.*]

6. WILLS (§ 479*)—CONSTRUCTION.

The practical interpretation placed by testatrix's children for nearly 30 years on a will bequeathing to them the residue of her estate will not be disturbed by the courts, unless for the most imperative reasons.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1000–1003; Dec. Dig. § 479.*]

Action by Francis Bacon, individually and as only surviving executor of Emma Bacon, deceased, against Wellington K. Sayre and another, as executors of the last will and testament of Weltha E. Sayre, deceased, and George E. Zartman, as trustee in bankruptcy of Francis Bacon, for the judicial construction of the last will and testament of Emma Bacon, deceased.   Judgment according to opinion.

See, also, 152 App. Div. 951, 137 N. Y. Supp. 1110; 155 App. Div. 946, 140 N. Y. Supp. 1109.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles E. Opdyke, of Waterloo (William S. MacDonald, of Seneca Falls, of counsel), for plaintiff.

J. Willard Huff (James S. Haven, of counsel), for defendants Sayre and Bacon, as executors, etc.

George E. Zartman, trustee in bankruptcy, defendant in pro. per.

SUTHERLAND, J. [1] The right of the plaintiff as executor of the will of his mother, Emma Bacon, to maintain this action to obtain a judicial construction of her will is challenged by his trustee in bankruptcy, who contends that, the executors having unconditionally distributed her entire estate in 1883, plaintiff as sole surviving executor has no duty or right with respect to the fund sought to be reached in this action, and having no duty to perform has no reason as executor to ask the court to interpret the will (citing, in support of that contention, Leggett v. Stevens, 77 App. Div. 612, 79 N. Y. Supp. 289, 185 N. Y. 70, 77 N. E. 874), and the trustee insists that the plaintiff has no individual property interest remaining which he can ask to be adjudicated, because whatever interest he might have passed to his trustee in bankruptcy upon his appointment in May, 1904, before the commencement of this action (citing, in support of the exclusive right of the trustee, Clark v. Grosh, 81 Misc. Rep. 407, 142 N. Y. Supp. 966; Clowe v. Seavey, 208 N. Y. 496, 102 N. E. 521, 47 L. R. A. [N. S.] 284); but the right of the plaintiff in some capacity to ask for a judicial construction of the will has been sustained by the Appellate Division of this department upon two appeals. On the first, the Appellate Division gave preference to the present action over another suit brought by the trustee in bankruptcy to construe the will, and to reach the same fund that the plaintiff is trying to reach, and stayed the action brought by the trustee. Bacon v. Sayre, 152 App. Div. 951, 137 N. Y. Supp. 1110. On the second appeal, an interlocutory judgment was affirmed which overruled a demurrer taken by the defendant Zartman as trustee to the present complaint in this action. Bacon v. Zartman, 155 App. Div. 946, 140 N. Y. Supp. 1109. Accordingly, the motion of the defendant Zartman to dismiss the complaint must be denied.

[2] The will of Emma Bacon was made August 16, 1881. The testatrix was then in her seventy-eighth year, and was suffering from a malady which, 15 months later, November 7, 1882, caused her death. Her husband, Joel W. Bacon. had died November 14, 1876. She was his second wife, and by his first wife Joel had a son, Elijah, who died in his father's lifetime leaving children, who. are remembered in the will of Emma Bacon. Joel and Emma Bacon had six children, who survived their parents. From the estate of their father each of these six children received about $27,000, and a similar amount was divided among the children of his deceased son, Elijah. From her husband's estate his widow, Emma Bacon, received about $90,000, and on her death 6 years later her executors found her estate to amount to about $100,000. When Emma Bacon made her will her four sons were married, and all of them had living children. Her daughter Emma was of the age of 53 years, and was the wife of John E. Ditmars, to

whom she had been married 21 years, but had had no children. Her other daughter, Weltha E. Sayre, was 39 years old, had been married a year and a half, but had had no children. The sons-in-law had property of their own. Mr. and Mrs. Ditmars were living together when her mother made her will, but afterwards separated. It would appear from the plaintiff's testimony that Mr. Ditmars was somewhat in disfavor at the time the will was made, which fact, if true, may throw a sidelight upon the expression in the will which has given rise to the present dispute.

The will is in the handwriting of a clerk in the law office of Sterling G. Hadley, a former surrogate of Seneca county, who was one of the attesting witnesses. After directing her executors to pay her debts, the testatrix disposes of her property in words and manner as follows:

"Second. I do will, give, bequeath and devise unto the children of Elijah M. Bacon, eldest son of my late husband, and which children reside in the county of St. Clair, Michigan, and whose names are Mary S., William F., Joel G., Samuel L., Charles W. and Gannette C. Bacon, absolutely and forever, one equal seventh part of all the property and estate of which I may die seized or possessed, to take and have the same share and share alike, but in case any of said children of said Elijah W. Bacon shall die without issue him or her surviving, then and in that event the share or portion of such deceased one or ones shall go to and belong to his or her surviving brothers and sisters share and share alike, absolutely.

"Third. I do will, give, bequeath and devise all the rest, residue and remainder of my estate of every kind and description wheresoever the same may be, unto my children, viz.: Emma Ditmars of Geneva, N. Y., Benjamin Bacon, William F. Bacon, Francis Bacon of Waterloo, N. Y., Weltha E. Sayre of Phelps, N. Y. and Thaddeus W. Bacon of China, St. Clair County, Michigan, absolutely; provided always, that in case any of my said children shall die leaving issue surviving then such ones share shall go to such issue, share and share alike. But in case any of my said children shall die *without leaving issue* surviving, then such deceased ones share shall go to his or her surviving brothers and sisters, share and share alike, and in no event shall the shares of my said daughters, should they die without issue surviving, go to their husbands respectively, but shall go as above indicated to their surviving brothers and sisters as aforesaid indicated.

"Lastly. I do hereby nominate and appoint my four sons, Benjamin, Thaddeus W., William F., and Francis, executors of this my last will and testament, and I do hereby expressly revoke and annul all former wills by me made."

The entire residuary estate was divided by the executors in seven equal portions of $16,650.93 each, consisting of cash and securities, and in February and March, 1883, one of said equal portions was turned over by the executors, without reservation or condition, to each of the six children of the testatrix, and the seventh equal portion was paid over to the children of Elijah M. Bacon. It would seem that no question was raised at the time of the distribution of the estate as to the right of each of the six children to receive as his and her own absolute property the portion thus turned over, and it does not appear that any one of the six children ever dealt with the portion thus received by him or her otherwise than as the absolute property of the recipient.

The dispute about the meaning of the will appears to be of recent origin. It is now claimed by the plaintiff, and by the defendant Zart-

man as trustee, that the legacies in Emma Bacon's will to her six children were not intended to be absolute gifts. The plaintiff claims they were not gifts at all, and that none of the six children had any right to use for himself or herself any part of said portion so paid over by the executors, either principal or income, but that it was the intention of their mother that the children should be only the custodians of those portions or shares, each child holding a portion intact, accumulating the income thereon until said child should die, and then for the first time, would the absolute ownership of that portion, with its accumulations, be determined. If that child should die leaving issue, the issue would take the portion, with all its accumulated earnings, and, if there were no issue surviving that child, then the portion held by him or her, with all its accumulations, would be divided among the surviving brothers and sisters, and that the duty is laid upon the executors of Emma Bacon to receive the fund from the estate of the child so dying, and distribute it among the persons then entitled thereto.

With all due respect, an interpretation of the will which would forbid the enjoyment by any one of her children of any part of the income of the respective shares which she says she gives to her children "absolutely" seems hardly arguable. Such a strange and tantalizing testamentary intention should not be attributed to the testatrix. Undoubtedly this mother intended to confer a real gift upon her children, who were the natural objects of her bounty. There is no direction to accumulate the income, and none should be inferred. Such a direction, if made, would have violated the statute against accumulating incomes, because not ordered for the benefit of infants and limited in time to their minority. Kilpatrick v. Johnson, 15 N Y. 322.

The defendant Zartman, as trustee, takes a more moderate position, conceding that each child who received this portion of $16,650.93 from the executors had the right to use the income thereon during his or her life, but contends that his or her right in the fund was only a life estate; the remainder going to the issue of that child, if any, or, in default thereof, to the surviving brothers or sisters.

The question is here because Weltha E. Sayre died February 15, 1911, leaving no issue. Her sister and three of her brothers had previously died. The plaintiff, her remaining brother, in his own right as the only child of Emma Bacon who survived Weltha, and as sole surviving executor of Emma Bacon's will, asks that the executors of the will of Weltha pay over to him the portion paid to Weltha in 1883, and account for all the earnings thereon during the intervening years. The defendant Zartman, as trustee in bankruptcy of the plaintiff, asks that the executors of Weltha pay over to him as trustee the exact sums received by Weltha in 1883.

The executors of the will of Weltha claim that the bequest to each child who survived Emma Bacon was absolute and subject to no further contingency, and that the proviso with regard to a gift over in case of the death of a child of the testatrix, either with or without issue, applied only to the death of such child in the lifetime of the

testatrix, Emma Bacon. This seems to me to be the right construction.

The first sentence of the third paragraph of the will says:

"I do will, give, bequeath and devise all the rest, residue and remainder of my estate of every kind and description, wheresoever the same may be, unto my children [naming them], absolutely."

Nothing could be plainer than that. The word "absolutely" clinches the matter. What follows refers to a contingency only, and not to a certainty. Death, either with or without issue surviving, was sure to come to each child of Emma Bacon; but when she made her will it was uncertain whether all of her children would survive her. And if we hold that the contingency of the death of a child in her lifetime is provided for, the proviso is entirely consistent with the use of the word "absolutely," with which the first sentence of the third clause closes.

[3, 4] The intention of the testator is to be gathered from the entire will; but the cutting down of an absolute estate once given will only be done by equally clear and decisive terms. Roseboom v. Roseboom, 81 N. Y. 356. And when a gift or devise is made in absolute terms, followed by a substituted gift or devise to operate in the case of the death of the first-named legatee or devisee, such death will be held to mean death in the lifetime of the testator, unless the whole context shows that the contrary was intended, and that a death at any time was meant. Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388.

Two considerations are urged by the learned counsel for the plaintiff, and by the trustee in bankruptcy, to support the contention, in which they unite, that the provision respecting the death of either of her children was not limited to a death in her lifetime. In the first place, emphasis is placed upon the fact that the testatrix was in her seventy-eighth year when the will was made, and was suffering from an incurable malady.

In this respect attention is called to Matter of Cramer, 170 N. Y. 271, 63 N. E. 279, in which case the testatrix, then 85 years old, made a will in which she bequeathed to her two great-grandchildren, Gracie and Myrtie Cramer, then 11 and 9 years old respectively, all of her personal property equally, share and share alike, saying:

"But in case of the death of either of said great-grandchildren, Gracie or Myrtie, without heir or heirs I direct that such share of personal property shall go to the survivor of them."

The Court of Appeals say:

"The testatrix undoubtedly looked forward to a time when these young girls might attain womanhood, marry, and have children, in which event the property of the one first dying, which came from testatrix, should go to her children, and not to her surviving sister."

And Gracie having died without descendants subsequently to the death of her great-grandmother, it was held that her sister, by survivorship, took the share first given to Gracie. The extreme age of the testatrix when the will was made, and the extreme youth of the two legatees, considered in connection with provisions which looked

a long way into the future, presented a case under which the usual rule of interpretation referring a death of the first legatee to a death in the lifetime of the testatrix was held not to apply; but in the present case no such consideration is presented. We have a testatrix of advanced years; but we have the same possibility of the death of a child in the lifetime of the parent which obtains in all cases.

In Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11, the age of the testator with reference to the children named in his will was quite similar to the situation in which Mrs. Bacon was placed when she made her will. In the Benson Case the argument was made that, because the testator was 75 years of age, and his children only in middle life, he did not contemplate their possible death before his own; but the Court of Appeals, in rejecting that suggestion, say:

"It is not at all rare or unusual for an old man to think that others, though younger, may die before him."

Mrs. Ditmars was 53 years old when her mother's will was made, and had had no children; but the fact that Mrs. Ditmars was quite sure to die childless did not make her death in the lifetime of her mother less probable. I cannot see that the age of the testatrix and the situation of her family present any reason for placing a construction upon this will contrary to the usual rule that such a death refers to a death in the lifetime of the testatrix.

[5] The other argument pressed upon us by counsel for the plaintiff and the trustee in bankruptcy is based upon the inhibitory words—

"and in no event shall the shares of my said daughters, should they die without issue surviving, go to their husbands respectively, but shall go as above indicated to their surviving brothers and sisters as aforesaid indicated."

And it is urged that, if a daughter should have died in the lifetime of the mother, without leaving issue, the husband could not have come into any of that daughter's share; and it is argued that the testatrix must have contemplated a condition when the husband of a deceased daughter might, but for the inhibitory words, receive some part of that daughter's share. The inhibitory words are, in fact, absolutely useless, even if we adopt the construction contended for by the plaintiff or his trustee in bankruptcy. If we leave out the entire clause beginning, "and in no event," and ending "as aforesaid indicated," the result is the same so far as the chance of one of the husbands receiving any portion of the share of the daughter by virtue of any scheme of distribution provided in the mother's will is concerned. If the death of the daughter leaving issue means a death either before or after the testatrix, in neither case would the husband get any of that share; it would go in the one case to the issue, and in the other to the surviving brothers and sisters. The words, "in no event shall * * * go to their husbands respectively," mean, I take it, go to them as substituted distributees in place of the daughters, under the plan provided for in the will of Emma Bacon, and were not intended to forbid a daughter of her own volition giving part of her share, after it had become her own property, to her husband. This inhibitory clause seems to be a useless expression, added probably by way of needless precaution.

The disposing part of a will is the important part, and should not be sacrificed to incidental phraseology. Wager v. Wager, 96 N. Y. 164. The main idea here is not to keep something away from the daughter's husband, but to give something to the daughter. This inhibitory clause does not, in itself, dispose of any property; on the contrary, it declares that it shall go "as above indicated," and therefore it should not be deemed to cut down the absolute legacy given to each of the children who should survive their mother. In the Wager Case, the Court of Appeals disapproved of an attempt—

"to destroy an estate by an inconclusive inference which the express language of the will attempted to create."

In every case the intention of the testator is to be ascertained and carried out. In this one I find the intention of the testatrix to be that in case her daughter Weltha survived her the daughter was to receive a one-seventh portion of her mother's estate "absolutely," subject to no further contingency whatsoever. Accordingly, Weltha had the right to dispose of what she had received from her mother's estate by her own will according to her own pleasure.

[6] I come to that conclusion all the more easily because it harmonizes with the construction apparently put upon the will by the family, especially this plaintiff, from the time the estate of Emma Bacon was distributed, in 1883, down to 1911, when Mrs. Sayre made her will. Emma Ditmars died in 1887, having had no children. Plaintiff was one of the executors of her will. Her estate was inventoried, and as a part thereof and mingled indiscriminately therewith was whatever was left of the portion she had received from her mother's estate. It is true her residuary legatees were her four brothers and her sister Weltha. Her will provided, however, that—

"should any of my said brothers or sister die before my decease, their heirs are to take the share which said brother or sister would take if living."

If that clause were intended by Emma Ditmars to operate upon that portion of her estate which she received from her mother, it does not follow the line of devolution which plaintiff now claims was marked out for such share in the mother's will, for, in that event, that portion could not be given to the children of the deceased brother, but would have to go to her surviving brothers and sister. Indeed it could not be controlled in any way by Mrs. Ditmars' will. Of course the question did not directly arise on the settlement of the estate of Mrs. Ditmars; but the significant fact is that the share received by her from her mother was treated by her and handled by her executors as a part of her general estate.

The evidence does not disclose how the three brothers of the plaintiff handled the portions received by them from their mother's estate. Plaintiff's brother William Frederick died February 24, 1894, leaving children. Thaddeus died October 27, 1909, leaving children. Benjamin died December 26, 1910, leaving children. William and Benjamin acted with plaintiff as executors in dividing the estate. Thaddeus did not qualify.

It does appear affirmatively that the plaintiff used the portion of his mother's estate paid to him as if it were his own. He did not separate it nor hoard the income, and when he went into bankruptcy in 1904 whatever was left was turned over to his trustee in bankruptcy, who received it as if it belonged to the bankrupt.

All this had taken place before Weltha made her will January 19, 1911. No effort was made by her in her lifetime to keep separate from her general estate the property she had received from the plaintiff and his coexecutors of her mother's will, and in her own will no separation is contemplated. The children of her deceased brothers are generously provided for, and a trust is created in favor of the plaintiff for his life, with remainder to his children.

The practical interpretation which seems to have been placed upon the mother's will by his family, and particularly by the plaintiff, for nearly 30 years, should not now be disturbed by the court, unless there are most imperative reasons for such action. Reid v. Sprague, 72 N. Y. 457; Matter of Marx, 117 App. Div. 890, 103 N. Y. Supp. 446.

A decree may be made declaring that upon the death of Emma Bacon, the testatrix, each of her six children became entitled absolutely to the distributive share actually received by him or her, and that the contingent death of any one of said children referred to in the third clause of the will was intended by the testatrix to be a death in the lifetime of said testatrix.

As there is no longer an estate of Emma Bacon out of which costs could be paid, no costs are allowed.

Judgment accordingly.